# Jones *v.* The State.

*Indictment for Forgery.*

1. *Sufficiency of indictment.* — An indictment which alleges that the defendant "forged an order for money, in words and substance as follows" (setting it out), "with intent to defraud," is sufficiently certain and definite, being analogous to the forms prescribed by the Revised Code in other cases.

2. *Forgery; what constitutes.* — A written order or request for money, purporting to be addressed by a son to his father, if falsely and fraudulently done, constitutes a forgery within the meaning of the statute. Rev. Code, § 3702.

FROM the Criminal Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case, omitting the heading, &c., was in these words: "The grand jury of said county charge, that, before the finding of this indictment, Paul Jones forged an order for money, in words and substance as follows: 'Selma, Ala., Nov. 14, '72. Pa, please send me ($5.00) five dollars. *Walter Sinks*,' with intend to defraud; against the peace," &c.

The defendant demurred to the indictment, and assigned the following causes of demurrer : "1st, no offence charged against any statute ; 2d, not good as a common law indictment ; 3d, charging the intent to defraud any person, the party should be named ; 4th, the word *forged* is a legal conclusion, — the facts should be stated ; 5th, the instrument must appear on its face to be valid ; 6th, the instrument described is not an order." The court overruled the demurrer, and the defendant then pleaded : "1st, not guilty ; 2d, that at the date of the instrument alleged to be forged, there was no such person living, or in being, named ' *Walter Sinks ;* ' 3d, that at the date of the instrument alleged to be forged, there was no such person living, or in being, named ' *Pa.* ' " The court sustained a demurrer to the second and third pleas, and issue was joined on the first.

On the trial, as the bill of exceptions states, the State offered one P. L. Sink as a witness, who testified as follows : " On the 14th November, 1872, in the afternoon, the defendant came to witness' store in Selma, and said, ' Master Walter says, please send him five dollars ; ' to which witness replied, ' Go, and tell him, if he wants five dollars, to send me an order to that effect.' The defendant then went off, and soon returned, and handed witness the paper set out in the indictment ; which was produced in court, and identified by the witness. Witness then said to him, ' Your master Walter never wrote this paper ; ' to which the defendant replied, that his master Walter did write it. Witness then ordered him to leave the store, and threatened to have him arrested ; to which the defendant replied, that he might have him arrested, if he wanted to, and that his master Walter did not write it, but that another man in the store did. Said witness further testified, that the defendant obtained no money from him on the order, and that *Walton Sink* was not *Walter Sinks.*" Walton Sink, the son of said P. L. Sink, testified, that he did not write or sign the said paper, nor did he see the defendant or any one else sign it, and that he had never sent the defendant to his father for money. " This being all the evidence material in the cause, the defendant asked the court to charge the jury : 1st, that there can be no conviction under the indictment, unless the jury believe that the said paper is an *order*, as purported to be in the indictment ; 2d, that there can be no conviction, unless the jury believed beyond a doubt that the said instrument, alleged to be forged, created, increased, or discharged some legal obligation or demand pecuniarily, and that the instrument must, upon its face, show that there is a demand made by it, and the jury must believe this beyond a reasonable doubt ; 3d, that the jury, if they believe the evidence, must find the defendant not guilty." The court refused each of these charges, and the defendant excepted to their refusal.

[Jones v. State.]

There is no assignment of errors on the record; and if any attorney appeared in this court, as counsel for the prisoner, his name is not entered on the docket.

BRICKELL, J.— The Code does not furnish a form of indictment for the offence of forging an instrument in writing. It is permissible, when such form is not furnished, to pursue a form analogous to those prescribed. R. C. § 4141. The form adopted in this case is analogous to the precedents furnished, and in ordinary and concise language states the offence charged, so that the accused can fully understand what it is he is required to answer, and on conviction the court would readily perceive the judgment the law required to be pronounced. It was not necessary to resort to the common-law form of indictment, though, if that had been pursued, it would have been sufficient. At common law, it was necessary particularly to name the person intended to be defrauded; and without this allegation, the indictment would have been fatally defective. The statute has changed this rule of the common law; and now, when to sustain an indictment, " an intent to injure or defraud is necessary," a general averment of the intent, " without naming the particular person, corporation, or government intended to be injured or defrauded," is sufficient. R. C. § 4126. There was no error in overruling the demurrer to the indictment.

2. Falsely making any writing, with a fraudulent intent, whereby another may be prejudiced, is forgery. It is not necessary that any prejudice should in fact have happened by reason of the fraud. The capacity of the false and fraudulent writing to work injury, is the material question. If the writing has that capacity, the offence is committed. We cannot doubt that the forgery of a writing, purporting to be an order or request from a son to a father, for money, is criminal and punishable. It may be that the payment of the money by the parent, on the order, if genuine, would be gratuitous, a mere matter of affection and favor; yet it is as criminal, morally and legally, to cheat and defraud him, by practising on his affection for or favor to a child, as by the pretence that he was being discharged from a legal liability, or acquiring a legal right. If the order had purported to be drawn by one having funds in the hands of the father subject to draft, it cannot be doubted that falsely and fraudulently making such order would have been forgery. Or, if it had purported to be drawn on him, by one who would have become his debtor on its payment, forgery of it could have been committed. We cannot doubt that it is equally forgery to draw an order on a parent in the name of a child. The prejudice the parent would sustain, by being cheated and deceived into its payment, in the belief that he was responding

to the request of a child, is of the same kind and degree with that which he would sustain by being defrauded into parting with his money, on the faith of a false instrument, he regarded as a security for his reimbursement. Roscoe's Cr. Ev. 488–491–496, 525.

The special pleas in bar interposed by the defendant, presented no matter of which the general issue would not have afforded him full advantage, are rather novelties in criminal practice, and should by the court have been stricken out on motion, as nullities. The court committed no error prejudicial to the appellant in sustaining a demurrer to them.

The judgment is affirmed.