# Leonard *v.* The State.

*Indictment for Murder.*

66　461
104　427

66　461
120　374

66　461
135　14

1. *Exception to ruling induced by objection of party excepting; challenge of juror.*—An exception can not be based on a ruling or action of the court induced by the objection of the party himself. Thus, where the prosecuting attorney challenged a juror who had taken his seat in the jury-box, and, on objection being made by the defendant, the challenge was withdrawn, and the juror directed to take his seat again, this action is not matter of exception on the part of the defendant.

2. *Abstract charges.*—An abstract charge—that is, a charge based upon a hypothetical state of facts, which there is no evidence whatever tending to establish—is properly refused, though it may assert a correct legal proposition.

3. *Homicide; self-defense.*—The doctrine of self-defense is not available in a case of homicide, where the defendant himself was the aggressor, and willfully brought on himself, without legal excuse, the necessity for the killing.

FROM the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

The prisoner in this case, Sol. Leonard, was indicted for the murder of Charles Taylor; was duly arraigned, and pleaded not guilty to the indictment; was tried on issue joined on that plea, found guilty of murder in the first de-

[Leonard v. The State.]

gree, and sentenced to imprisonment in the penitentiary for life. On his trial, a bill of exceptions was reserved at his instance, in which the facts are thus stated :

"The jurors were regularly drawn, and were caused to be seated in the jury-box; but none of them were sworn until the jury was completed. C. M. Boyd was drawn as a juror, and, without being sworn, took his seat with the other jurors; and thus the drawing proceeded, until eleven names were drawn and accepted, both by the State, and by the defendant. The solicitor then asked to be permitted to withdraw his acceptance of said Boyd, and to challenge him ; and said Boyd not having been sworn, and the challenges allowed by law to the State not having been exhausted, and the jury not having been completed, the court permitted the solicitor to challenge said Boyd, and directed said Boyd to stand aside; to which action of the court the defendant excepted. But, before said Boyd left the bar of the court, and before the drawing proceeded, and almost immediately after the court had directed said Boyd to stand aside, the solicitor, because of the objections interposed by the defendant, withdrew all objections and challenge to said Boyd as a juror, and asked that he again take his seat with the jury. The court then directed said Boyd to take his seat on the jury, and the defendant excepted. The court then told the defendant, that said Boyd might go back on the jury, or not, as he (the defendant) wished—that the court would not cause him to go back on the jury, if the defendant objected. The defendant said, that he did not object to said Boyd going back on the jury ; that he had no objection to said Boyd as a juror, and had accepted him, but he desired to have his exceptions— that was all. Whereupon, the court placed said Boyd again on the jury, and caused the drawing to proceed, and the jury to be completed ; and the jurors so drawn were all then sworn, but not before.

"Dr. Letcher, a physician, was introduced by the State as a witness, and proved the nature and extent of the wounds upon the person of the deceased. He stated, that he reached the deceased while he was lying in the road, and not long after he was stricken ; that the deceased had two severe wounds upon his head, and his skull was crushed in by severe blows from a heavy stick, or club. · In answer to questions by the defendant, said witness stated that, when he reached the deceased, he (deceased) had an open pocket-knife in his right hand. The testimony of witnesses to the killing was without conflict, and to the effect that the deceased was walking quietly along the road at night, in company with a young woman, when the defendant came up on him from be-

hind, and, without saying a word, struck him with a club, felling him to the ground, and inflicting wounds from which he soon afterwards died; that the deceased was not aware of the presence of the defendant until he received the first blow; and that the deceased had no opportunity to make resistance, and made no resistance or effort whatever, but fell forward on his face. There was evidence also, on the part of the State, going to show that the defendant, on the evening of the killing, said that the deceased had been interfering with his business, and that he intended to put a stop to it that night. The defendant introduced no evidence, except as to his character, which was proved to be good.

"The court charged the jury on the law of murder in the first and second degrees, and no further. The defendant then asked the following charges, which were in writing: 1. 'The fact, if it be a fact, that the deceased had an open knife in his hands when he was examined, a few minutes after he had fallen to the ground, may be looked to by the jury, in connection with the other evidence, to determine whether the deceased had the knife opened at the time of the difficulty; and if (?) the jury may reasonably infer from the evidence that the deceased had his knife for the purpose of using it on the defendant in the difficulty, then, if the defendant used no more force than was necessary to resist an assault with the knife, he is not guilty of the murder of the deceased.' 2. 'If the jury believe, from the evidence, that the assault which the defendant made upon the deceased was made to repel an attack that the deceased made upon the defendant with a knife, and no more force than was necessary was used by the defendant to repel such assault, he is not guilty as charged in the indictment.' 3. 'If the jury believe, from the evidence, that the defendant slew the deceased in sudden passion, he is not guilty of murder, either in the first or in the second degree.' 4. 'If the jury believe, from the evidence, that the defendant voluntarily and without malice slew the deceased, then he is guilty only of manslaughter in the first degree.' The court refused each of these charges, and to the refusal of each the defendant duly excepted."

No counsel appeared for the appellant in this court, so far as the dockets and record show.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The action of the court in reference to the juror Boyd was most clearly free from any conceivable prejudice to the appellant. The challenge of him, which was

first permitted at the instance of the State, was afterwards disallowed, and its retraction sustained, expressly on the objection of the prisoner. An exception can not be based on a ruling of this nature, which is superinduced by the party so excepting. He might, with as much reason, request the court to give a charge, and afterwards seek in the appellate court to base an assignment of error upon the fact that the Circuit Court conformed to his request. Such a practice would be little less than a grave trifling with the dignity of the law.

The charges asked by the appellant are all based upon a hypothetical state of facts, the truth of which there is no evidence whatever tending to establish. Though some of these charges assert legal propositions which are abstractly correct, they are not applicable to the facts of the case, as disclosed by the record, and were calculated to mislead the jury. Such charges should never be given, and were in this case properly refused.—*State v. Richardson,* 54 Ala. 158 ; *State v. McAlpine,* 47 Ala. 78 ; *State v. Taylor,* 48 Ala. 157.

The doctrine of self-defense, which is sought to be elucidated by some of these charges, does not arise under the evidence in this case. Such a plea can never be invoked, or made available by a defendant, unless he be reasonably free from fault in bringing on the difficulty. If he was himself the aggressor, and without legal excuse induced the necessity for the killing, such necessity can not be urged in justification of the act. In other words, as often held and frequently reiterated by decisions of this court, no one can avail himself of a necessity which he has knowingly and willfully brought on himself.—*Cross v. State,* 63 Ala. 41; *Lewis v. State,* 51 Ala. 1; *Eiland v. State,* 52 Ala. 322; Horr. & Thomp. Cases Self-Def. 24; 1 Bish. Cr. L. § 844. There was no evidence tending, in the remotest degree, to prove that deceased made any effort to use the knife discovered on his person; and if the jury could reasonably infer the fact of such attempt, from its being found open in his right hand, the evidence shows plainly, without conflict, that the appellant was the unprovoked aggressor in the fight, having himself commenced it without any legal excuse, or even plausible pretext.—*McNeezer v. State,* 63 Ala. 169.

We discover no error in the record, and the judgment of the Circuit Court is affirmed.