# Allen *v.* The State.

## *Indictment for Forgery.*

1. *Forgery of order on merchant, for goods.*—A writing addressed to a mercantile firm, in these words, "Let A., the bearer, have what articles he wants, and present bill to be paid on 1st of month at my office," signed "*George Spaulding,* steamboat agent," is an instrument by which a pecuniary demand or obligation purports to be created (Code, § 4340), and the false making of which, with intent to defraud, is forgery in the second degree.

2. *Sufficiency of indictment.*—An indictment which charges that the defendant, "with the intent to injure or defraud, did falsely make or forge an instrument" (or "an instrument in writing purporting to be the act of George S."), "in words and figures substantially as follows," setting out a written order the false making of which is forgery in the second degree, is sufficient.

3. *Organization of petit jury; objection to action of court made at instance of objector.*—In a criminal case, the defendant can not be heard to complain on error, that the court ordered more than the necessary number of talesmen to be summoned to complete the petit jury, when the record affirmatively shows that this was done at his instance and request.

4. *Proof and presumption as to fraudulent intent and forgery.*—There being no proof of the existence of the forged order, until it was produced by the defendant and credit for goods obtained by him on the faith of it, the jury may infer an intent on his part to defraud, and, if necessary, that he forged the paper.

5. *Charge asked, not shown to have been in writing.*—The refusal of a charge asked, which is not shown to have been asked in writing, is not a reversible error.

6. *Charges given, but not shown to have been so indorsed.*—It is not necessary that the record shall affirmatively show that charges given on request, or refused, were indorsed as required by the statute (Code, § 3109); in the absence of a recital to the contrary, and exception duly reserved on account of it, this court will presume that the charges were properly so indorsed.

From the City Court of Mobile.

Tried before the Hon. O. J. Semmes.

The indictment in this case was for the forgery of an order, or instrument of writing, in these words: "*Tonsmeire & Craft:* Let Mr. Allen, the bearer, have what articles he wants; present bill to be paid, on 1st of month, at my office;" which was dated April 19th, 1883, and purported to be signed by "*George Spaulding,* steamboat agent." The first count of the indictment charged that the defendant, "with the intent to injure or defraud, did falsely make or forge an instrument in writing, purporting to be the act of George Spaulding, in words and

[Allen v. The State.]

figures substantially as follows," setting it out; and the second count, that, with intent to injure or defraud, he "did falsely make or forge an instrument in writing, in words and figures substantially as follows," setting it out, and adding, "meaning thereby that said instrument was an order from George Spaulding, on Tonsmeire & Craft, for groceries." The defendant demurred to each count of the indictment, on these several grounds as specified: 1st, "because said instrument therein set forth, and alleged to be forged, is invalid on its face, creates no liability on any one, has no legal tendency to effect a fraud, and can not be the subject of forgery;' 2d, "because said instrument creates no legal liability against any one whatever;" 3d, "because said indictment charges no criminal offense whatever." The court overruled the demurrer, and the defendant then pleaded not guilty.

In the organization of the petit jury, as the minute-entry recites, "it appearing to the court that, by reason of challenges, the jury is reduced to less than twelve, to-wit, eleven, the court ordered the clerk to draw from the jury-box, in open court, two names from which to complete the jury; and at the suggestion of the defendant by his attorney, and of the solicitor for the State, the court ordered that five names should be drawn in place of two, and in compliance with said order the clerk drew from the box, in open court, the following persons;" and all of these persons being summoned, but a competent juror not being obtained from among them, the court again ordered two talesmen to be summoned, but increased the number to seven, at the instance of the defendant's attorney and the solicitor; and out of these seven persons the jury was completed. On the trial, as appears from the bill of exceptions, the State produced the written instrument alleged to have been forged, and introduced George Spaulding as a witness, who testified, "that he did not write or sign said order, nor was it written or signed by his authority; that he was a steamboat agent, and had been for more than a year, and sometimes made purchases from Tonsmeier & Craft, whom he knew; and that the defendant was working for him at the time said order purports to have been written and signed." The defendant objected to the admission of the order as evidence on this testimony, and excepted to the overruling of his objection. The State then introduced Henry Tonsmeier as a witness, who was a member of the said firm of Tonsmeier & Craft, and who testified, "that the defendant came to their store on Dauphin street, during last April, and asked if they would let him have some groceries, if he would get an order from Mr. George Spaulding; that witness replied, 'Yes, if you will get such order,' or words to that effect; that defendant returned a few days afterwards, with.

[Allen v. The State.]

said order, and witness then let him have two or three dollars worth of groceries on said order; that he would not have let defendant have goods, if he had not presented the order; that defendant got goods from them several times subsequent to the presentation of said order; and that he did not know whether the bill had ever been presented to Mr. Spaulding, nor whether it had been paid." On the part of the defendant it was proved that he had paid the account for the goods which he had obtained from said Tonsmeier & Craft; and the receipt was produced, which was dated May 1st, 1883. He also adduced evidence of his good character.

" This being all the evidence, the State requested the court to give the following charges: 1. 'If the evidence shows that a person knowingly and willfully does an act, the probable consequences of which would be to injure or defraud, the jury may infer a fraudulent intent.' 2. 'The jury may infer that the defendant did himself forge the purported order, if they believe from the evidence that he uttered and published it as true, knowing it to have been forged.' The court gave each of said charges, and the defendant then and there excepted to the giving of each of said charges; and the defendant then requested the court to give the following charge: 'The court charges the jury, that Mr. George Spaulding could not have been injured in any way by forging his name to said instrument.' The court refused to give said charge, and the defendant then and there excepted."

The jury returned a verdict of "guilty as charged in the indictment," and the court thereupon sentenced the defendant to hard labor for the county for the term of two years. Before sentence, the defendant moved in arrest of judgment, on account of alleged defects in the indictment, error in the charges of the court, and the insufficiency of the verdict; and an exception was reserved by him to the overruling of this motion.

JEMISON & FERGUSON, for the appellant.

H. C. TOMPKINS, Attorney-General, contra.

STONE, J.—The instrument described in the indictment is one by which a pecuniary demand or obligation purports to be created, and the false making of it, with intent to defraud, is forgery in the second degree.—Code of 1876, § 4340. And the indictment is sufficient.—Johnson v. The State, 35 Ala. 370; Thompson v. The State, 49 Ala. 16; Jones v. State, 50 Ala. 161; Rembert v. The State, 53 Ala. 467; Anderson v. The State, 65 Ala. 553; Brown v. The State, 52 Ala. 345.

It is here objected, that the City Court ordered too many

additional jurors to be drawn and summoned, to supply the deficiency in the panel of the petit jury. The record shows, affirmatively, that this was done at the express request of the defendant, and that he did not except to the action of the court. If there is any thing in this objection, the defendant has precluded himself from urging it, by himself causing the act to be done which he now seeks to review.—*Leonard v. The State*, 66 Ala. 461; *Shelton v. The State*, 73 Ala. 5.

Each of the affirmative charges given at the instance of the State's solicitor, is free from error. There is no testimony tending to show any custody, or even the existence of the forged order, until it was produced by the defendant, and credit obtained on the strength of it. In this state of the proof, the jury were authorized to infer an intent to defraud, and, if necessary, that the defendant himself forged the paper. Clark's Manual, § 1174; *Harrison v. The State*, 36 Ala. 248; *McGuire v. The State*, 37 Ala. 160.

The charge moved for by defendant, is not shown to have been asked in writing. This justified its refusal, whether it asserted a legal truism or not. But the charge was properly refused, even if it had been asked in writing.

There is nothing in the other objections urged. It is not shown that the City Court did not indorse and sign the charges given and refused, as it was its duty to do. We can not presume error. If it was desired to raise this question, there should have been an exception in the court below.—*Tyree v. Parham*, 66 Ala. 424.

Affirmed.