# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1894.

## Lampkin v. The State.

*Indictment for Forgery.*

1. *Indictment for forgery; when not demurrable.*—An indictment which charges that the defendant "with intent to hinder or defraud, falsely forged an instrument in writing purporting to be the act of one John Driver, in words and figures as follows: 'Mr. Rwen.' meaning thereby Mr. Wren, ·Sir, please let John Mason have $2.50 cents and charge it to John Driver,' meaning thereby signed 'John Driver,'" charges the making of an order or request for the payment of money, whereby a pecuniary demand is or purports to be created, the making of which falsely and with intent to defraud is, under the statute (Cr. Code, § 3852), forgery in the second degree; and such an indictment is not demurrable.

2. *Same; admissibility of forged instrument in evidence*—Where, on a prosecution for forgery, the indictment sets out *in haec verba* the instrument alleged to have been forged, which is an order or request for the payment of money, whereby a pecuniary demand is or purports to be created, such instrument is admissible in evidence, although the name of the drawer forms part of the body of the writing, instead of being written at its foot

3. *Construction of forged instrument; charge to the jury*—Whether an order for the payment of money alleged to have been forged would have created a liability against the maker or drawer thereof, if the paper was genuine, is a question of law within the exclusive province of the court to decide; and on a trial under an indictment for forgery, a charge which instructs the jury that if they "believe that the instrument said to be forged does not create any liability upon John Driver [the person whose name was forged], then they must find the defendant not guilty," is erroneous and properly refused, because it refers to the jury the construction of the written instrument.

[Lampkin v. The State.]

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

The appellant was indicted, tried and convicted for forgery. The indictment contained three counts, the first of which was in the following language: "The grand jury of said county charge that before the finding of this indictment that William Lampkin, *alias* Sam Jones, with the intent to injure or defraud, falsely forged an instrument in writing, purporting to be the act of one John Driver, in words and figures substantially as follows: 'Mr. Rwen,' meaning thereby Mr. Wren, 'Sir, please let John Mason have $2.50 cents and charge it to John Driver,' meaning thereby signed 'John Driver.' March 2d, 1894." The second count of the complaint was the same as the first, with the exception that it charges the defendant with uttering and publishing "as true, an instrument in writing, purporting to be," &c. The third count is substantially the same as the first count. The defendant demurred to the indictment on the following grounds: 1st. That it fails to show that the instrument of writing purported to be the act of another, by which a pecuniary demand or obligation is or purported to be created, increased, discharged or diminished. 2d. The said indictment puts a different meaning to the instrument alleged to be forged other than its plain import. 3d. Because the indictment undertakes to construe the meaning of the instrument alleged to have been forged. The demurrer was overruled. Thereupon the defendant moved the court to strike out from the indictment as surplusage the words, "meaning thereby signed 'John Driver'." The court overruled this motion, and the defendant duly excepted.

Upon the introduction of John Driver as a witness, his testimony tended to show that he never wrote, nor signed, nor authorized any one else to sign the instrument alleged to have been forged. The testimony of Wren tended to show that he was in the employ of the Gas Light Coal Company on March 2d, 1894, as the store-keeper for said company; that the defendant presented to him at the company's store the instrument alleged to have been forged, and told him that he got it from John Driver at the mines; and that John Driver had an account with the company for a credit of $2, which witness paid the defendant. The State then

offered to introduce in evidence the instrument alleged
to have been forged, and, as recited in the bill of excep-
tions, "the defendant then and there objected, and the
court overruled the objection, and the defendant then
and there duly excepted." This being substantially all
the evidence, the defendant requested the court to give
to the jury the following written charge, and duly ex-
cepted to the refusal of the court to give the same : "If
the jury believe that the instrument said to be forged
does not create any liability upon John Driver, then they
must find the defendant not guilty."

No counsel marked for appellant.

W. C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment is not subject to
the demurrer which was interposed, nor is it in any re-
spect defective. The instrument it describes, or rather
sets out in substance, taken in connection with the ex-
trinsic facts which are averred to render it intelligible,
and the person to whom it was addressed certain, is an
order or request for the payment of money, whereby a
pecuniary demand is, or purports to be, created, and the
making of it falsely, with the intent to defraud, is for-
gery in the second degree.—Cr. Code, § 3852 ; *Jones v.
State*, 50 Ala. 161 ; *Rembert v. State*, 53 Ala. 467 ; *Horton
v. State, Ib.* 488 ; *Allen v. State*, 74 Ala. 557 ; *Hobbs v.
State*, 75 Ala. 1.

The objection to the introduction in evidence of the
writing alleged to have been forged is general and un-
defined, and we are at a loss to ascertain any reasonable
ground upon which it may have been intended to rest
it. The writing in all respects corresponded to the writ-
ing set out in the several counts of the indictment ; there
is not the least variance between them. It is immaterial
that the name of the drawer forms part of the body of the
writing, instead of being written at its foot. The name of
the drawer or maker of a note, bill, or of an order for the
payment of money, may appear in any part of the writ-
ing ; it is sufficient that he sign in the capacity of maker
or drawer.—1 Dan. Neg. Ins., § 74. The allegation of
the indictment that the meaning of the writing was
"signed John Driver," was perhaps unnecessary, but as

matter of fact and of law, it was proven by the writing given in evidence.

There is no error in the refusal of the instruction requested by the defendant. The construction of the writing alleged to have been forged, whether if genuine it would have created a liability upon the drawer or maker, was a question of law, it was the exclusive province and duty of the court to decide. Instructions referring to the jury questions of law, or the construction of written instruments, should always be refused.—1 Brick Dig. 337, §§ 25, 27.

We find no error in the record, and the judgment must be affirmed,