# Glenn *v.* The State.

*Indictment for Forgery.*

1. *Forgery; sufficiency of indictment.*—An indictment which avers that the defendant, "with intent to defraud, did falsely make or forge an instrument in writing, purporting to be the act of" a certain named person, "in words and figures as follows: 'Mr. Jones,' meaning thereby William W. Jones, 'please let this man have a two dollar check on 57 east side,'" signed by said designated person, and then sets up extraneous facts to show that said instrument alleged to have been forged was a check on a commissary store of an iron and steel company, of which said Jones was the manager, for two dollars worth of goods, and that the man whose name was forged to said instrument was an employé of the company and entitled to receive such check, such indictment shows sufficiently that the instrument was the subject of forgery, and is not demurrable.

APPEAL from the Criminal Court of Jefferson.
Tried before the Hon. SAMUEL E. GREENE.
The appellant was tried and convicted under the fol-

lowing indictment: "The grand jury of said county charge that before the finding of this indictment, Edward Glenn, *alias* Ed Glenn, *alias* Obe Glenn, *alias* Ade Glenn, with intent to defraud, did falsely make or forge an instrument in writing, purporting to be the act of one Aus. Pea, in words and figures substantially as follows, to-wit: 'Mr. Jones,' meaning thereby Wm. W. Jones, 'please let this man have a two dollar check on 57 East Side.'—'Aus Pea,' meaning thereby Austin Pea. Which said instrument in writing was a regular direction or order to said Wm. W. Jones, the agent and manager of a certain commissary store of the Sloss Iron & Steel Company, a body corporate under the laws of the State of Alabama, to deliver to or let the defendant have a two dollar check on said commissary store of said Sloss Iron & Steel Company, and charge the same on the account of and against said Pea. And the grand jury of said county aver that said Sloss Iron & Steel Company at and before the time of the commission of the said offense owned or operated a commissary store at Brookside in said county and State, and through its said agent or manager, said Wm. W. Jones, issued on request or demand, to the servants, laborers or employès of said body corporate, orders or checks commonly called commissary checks on said commissary store, which entitled the owner or holder of the same to obtain goods, wares or merchandise of, or from, such commissary store of said body corporate, to the amount or value of the sum of money expressed in such commissary checks; and that said Austin Pea, whose name was so falsely made or forged on or to said instrument in writing, was at the said time a servant, laborer, or employé of said body corporate, and entitled to have or receive such commissary check, against the peace and dignity of the State of Alabama."

The defendant demurred to this indictment upon the following grounds: "1st. That the instrument in writing alleged to be forged is invalid on its face, in this, it creates no liability, has no legal tendency to effect a fraud and can not be the subject of forgery. 2d. That the instrument alleged to be forged creates no legal liability against any person whatever, and is not an instrument by which any pecuniary demand or obligation is, or purports to be, created, increased, discharged or dimin-

[Glenn v. The State.]

ished. 3d. That the instrument purporting or alleged to be forged does not create any right or interest in property, or in any way charge or affect any right in property." This demurrer was overruled and the defendant duly excepted.

Upon the trial of the cause, the State introduced evidence tending to prove the facts averred in the indictment. Upon the introduction of all the evidence, the court instructed the jury among other things that "as a matter of law the instrument introduced in evidence, described in the indictment, was such an instrument as under the law was a subject of forgery." To this portion of the court's general charge the defendant duly excepted.

J. S. EDWARDS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted for the offense of forgery. The principal question in the case was raised by a demurrer to the indictment, based upon the ground, that the instrument showed upon its face, that it created no liability, and could not be the subject of forgery.

In the case of *Rembert v. The State*, 53 Ala. 467, it was declared, "that the general rule, that if the instrument is void on its face, it is not the subject of forgery, must be taken with this limitation : where the instrument does not appear to have any legal validity, or show that another might be injured by it, but extrinsic facts exist, by which the holder of the paper might be enabled to defraud another, then the offense is complete ; and an indictment averring the extrinsic facts disclosing the capacity of the instrument to deceive and defraud, will be supported."—*Lampkin v. The State*, 105 Ala. 1 ; *Fomby v. The State*, 87 Ala. 36. We need not consider the legal effect of the instrument, considered by itself. The indictment is full, and the extrinsic facts averred show that the instrument was the subject of forgery. The evidence shows that it was usually known as a "labor ticket," and was available for the purchase of goods at the commissary store.

We find no error in the record.

**Affirmed.**