# Reese *v*. The State.

## Indictment for Murder.

1. *Homicide when self-defense can not be invoked.*—The neces-
sity which will excuse the taking of life ·must not have been
produced by the wrongful act of the slayer; and if by his
acts or conduct he shows a willingness to enter the conflict,
or if by his acts he invites it, the slayer is held to have pro-
duced the necessity for the homicide, and can not invoke
the doctrine of self-defense.

APPEAL from the Circuit Court of Lowndes. .
Tried before the Hon. J. C. RICHARDSON.

The appellant was indicted and tried for murder in the
second degree for killing one Ed Jones by shooting him
with a gun, was convicted of murder in the second degree
and sentenced to the penitentiary for ten years.

On the trial of the cause it was shown that while the
defendant and Ed Jones and several other negroes
were standing together, the defendant asked Ed Jones
to pay him twenty-five cents which he owed him, that
the said Jones replied that he did not owe him twenty-
five cents, but that he had only ten cents which he
could have, which the defendant declined to accept,
saying that he wanted all or none; that thereupon Ed
Jones went into the house near by, and when he went
into the house one of the persons standing by the de-
fendant said to him that he had better leave there;
that the defendant then went to the house of his uncle
which was some three hundred yards away; that when
Ed Jones came out of the house which he had entered
he had a pistol; that after the defendant had entered
his uncle's house he came out of it carrying a
gun on his shoulder and started down a path which
led towards a well; that this well was nearer where
the said Ed Jones had been than it was to the house
from which the defendant came bearing the gun; that
as soon as the defendant came out of the house Ed
Jones started towards the well; that some of the per-
sons with him begged him not to go there; that on

reaching the well he stooped down behind the curbing which was above the ground three or four feet; that as soon as the defendant came close to the well the said Ed Jones rose from behind the curbing and fired at him with the pistol; that the defendant walked around towards the well when Jones raised the gun and fired at him; that defendant then walked up to the well, put his gun over the curbing and shot Jones with the with the gun, killing him.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "There is no evidence in this case that the defendant fought willingly." (2.) "There is no evidence in the case that the defendant brought on the difficulty." (3.) "If you believe the evidence, the defendant acted in self-defense." (4.) "If you believe the evidence, you should find the defendant not guilty."

POWELL, HAMILTON & MIDDLETON, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The necessity that will excuse the taking of human life must not have been produced by the wrongful act of the slayer.—*Eiland v. The State,* 52 Ala. 532; *Lewis v. The State,* 51 Ala. 1; *Kimbrough v. The State,* 62 Ala. 248; *Leonard v. The State,* 66 Ala., 461. He must not be unmindful of his acts or conduct which are likely to produce a deadly combat, and if by his acts or conduct he shows a willingness to enter the conflict or if by those acts he invites it, he must be held to have produced the necessity for slaying his adversary, and cannot invoke the doctrine of self-defense.

The act and conduct of the defendant in arming himself with a gun, which he carried so as to be seen by the deceased, and his going to or near the place with the deadly weapon where the deceased was in waiting for him shortly after being informed that the deceased had probably armed himself with a pistol for

[Oakley v. The State.]

the purpose of having a difficulty might well be construed by the jury that he was not only willing to engage in the deadly conflict, which resulted in the killing of the deceased, but that he actually sought it. There appears no real necessity for his going to where the deceased was at all. He doubtless could have avoided the difficulty by going another route, and if he could, it was his duty under the circumstances shown by the evidence to have done so. And it may be that had he not armed himself in the manner that he did, but had gone along the route that he traveled without an exhibition of a deadly weapon, there would have been no difficulty. These are inferences which the evidence clearly affords and which were properly left to the determination of the jury. The written charges requested by defendant were correctly refused.

Affirmed.