(Stallworth v. The State.)

# Stallworth *v.* The State.

## *Murder.*

(Decided May 19th, 1906, 41 So. Rep. 184.)

1. *Criminal Law; Continuance; Absent Witness; Showing; Discretion; Abuse.*—The defendant applied for a continuance on account of an absent witness; the court required a showing to be made as to what the witness would testify; the State admitted that the witness would testify to such facts if present, (subject to legal exceptions), and the court required the defendant to go to trial; Held, not an abuse of discretion.

2. *Same; Evidence; Identification of Accused; Assumed Name; Hearsay.*—It was incompetent to prove that the deceased's name was that charged in the indictment by a statement made to the witness by a third party that such was his name, such evidence being purely hearsay.          ,

3. *Same; Identity; Hearsay Evidence.*—It was incompetent to show that the negroes on witness' place, where deceased, a negro, lived, were usually called "McLeod," as tending to show that deceased surname was, as alleged in the indictment, McLeod, and not another name, as claimed by the defendant.

4. *Homicide; Appeal; Evidence; Harmless Error.*—Where the facts undisputedly established that deceased was killed by a pistol bullet striking him in the forehead, if it was error to allow witness to testify that he heard a pistol fire and that the hole in deceased head was made by a pistol bullet, because of witness not being an expert, such error was harmless.

5. *Same; Previous Difficulty; Details.*—Proof of previous difficulty between deceased and defendant was properly limited to the fact that there was a difficulty, without allowing proof of the details.

(Stallworth v. The State.)

6. *Same; Evidence; Acts of Defendant.*—The fact that defendant left a certain store and went to the place where the shooting occurred, and what occurred between deceased and defendant there, at and just before the time of the killing, is competent testimony.

7. *Same; Degrees; Conviction of Lower Degree; Effect.*—A conviction of murder in the second degree operates as an acquittal as to the higher degree, but it ought to be pleaded.

8. *Same; Provoking Difficulty; Self Defense.*—Where defendant's testimony showed his willingness to engage in the combat, and his replies to deceased just before the shooting were such as to provoke deceased to advance and precipitate the apparent necessity to take his life, defendant cannot invoke self defense.

9. *Criminal Law; Direction of Verdict; Evidence.*—Whether the deceased name was as alleged in the indictment or not, under the evidence here, was a question for the jury, and the affirmative charge for the defendant was properly refused.

11. *Same; Name of Deceased; Instructions.*—The burden is on the State to show by evidence beyond a reasonable doubt that deceased name was as charged in the indictment, and a charge so stating was improperly refused.

APPEAL from Monroe Circuit Court.

Heard before HON. C. J. TORREY, Special Judge.

The defendant was indicted and tried for the killing of B. McLeod by shooting him with a pistol. When the case was called for trial, and the state had announced ready, the defendant moved for a continuance on account of the absence of the witness Seigler, and it was shown to the court that the said witness lived at Bell's Landing in Monroe county, Ala., and that he was a material witness for defendant, whereupon the court put the defendant to making a showing as to what said witness would testify, and the defendant excepted. Upon tendering this showing to the solicitor, he agreed to admit the same subject to legal exceptions, and the court required the defendant to proceed with the trial, and to this the defendant excepted. Witness Stallworth testified that he had known the deceased for about two years, and that he had always heard him called "Bounce," with one exception, and that was when a Mr. Miller told him that the deceased was named "Bounce McLeod." The defendant moved the court to exclude the answer of

the witness as to what Miller had told him. The court overruled the motion and the defendant excepted. The solicitor was permitted to ask the witness McLeod: "Were negroes on your place usually called by the name of McLeod?" Defendant objected to this question, and the court overruled the objection, and permitted the witness to answer: "They sometimes do." Defendant objected to the answer and moved to exclude it.

The defendant requested the court to give the following charges, which were refused: (2) The court charges the jury that if they believe the evidence they must find the defendant not guilty. (3) The court charges the jury that they must believe beyond a reasonable doubt that the deceased's name was Bounce McLeod before you can convict the defendant. (4) The court charges the jury that if, at the time the defendant fired the fatal shot that killed the deceased, the facts and circumstances were such as to create in the mind of a reasonable man the belief that he was about to suffer great bodily harm, and the defendant was free from fault in bringing on the difficulty, then in that event the defendant would have the right to anticipate his assailants and fire first, and that the appearances need not have been real. (5) The court charges the jury that if, at the time the deceased put his right hand in the back pocket of his pants, his actions at that time would have impressed a reasonable man's mind that the life of Jim Stallworth was in imminent peril, or that Jim Stallworth was in danger of great bodily harm at that time, and Jim Stillworth was free from fault in bringing on the difficulty, then you must find the defendant not guilty."

The defendant was convicted of murder in the second degree and sentenced to 45 years in the penitentiary.

BAYLES & HYBART, for appellant.—The court erred in allowing the witness McLeod to testify to the custom that sometimes negroes on his plantation were called by the name of McLeod.—*White v. State,* 72 Ala. 195; *Davis v. The State,* 92 Ala. 20.

(Stallworth v. The State.)

The court erred in excluding the showing permitted to be made for the absent witness, Walter Seigler.— *Peterson v. State,* 63 Ala. 113.

The court erred in excluding that part of showing which began: "Thus the deceased left the store and ending with the words deceased," the same being relevant testimony.—*Peterson v. State,* 63 Ala. 113; *Burney v. State,* 69 Ala. 233; *Dryer v. Lewis,* 57 Ala. 551; *Smith v. Zaner,* 4 Ala. 99.

The foregoing cases clearly hold, that where illegal testimony is connected with legal testimony, it is not the duty of the court to separate the same, but where the defendant, as in this case, offers to separate the same, the evidence so separated is relevant and legal, and should be allowed to go to the jury.—*John Burney v. State,* 69 Ala. 233.

The court erred in its charge to the jury, in which the doctrine of apparent necessity was entirely ignored, and, in its charge, invaded the domains of the jury.— *DeArman v. State,* 71 Ala. 351; *Jackson v. State,* 77 Ala. 26; *Holmes v. State,* 23 Ala. 17; *Evans v. State,* 109 Ala. 11.

The court erred in refusing to give charge No. 3.— *Morningstar Case,* 52 Ala. 405; *Lyon's Case,* 61 Ala. 228.

A person's name is what he is distinctly known by in the community.—21 Am. & Eng. Ency. Law, 305.

The charge should have been given.—*Miller's Case,* 54 Ala. 155; *Smith's Case,* 86 Ala. 30; *Barnard's Case,* 88 Ala. 113; *Edmondson v. Anniston City Land Co.,* 128 Ala. 595.

MASSEY WILSON, Attorney General, for the State.— Motion for a continuance on account of absence of the witness, Seigler, was not prejudicial to the defendant.— *House v. State,* 139 Ala. 132; *DeArman v. The State,* 77 Ala. 10. The witness Stallworth was properly permitted to testify that the wound in the deceased's head was caused by pistol bullet.—*Evans v. State,* 120 Ala. 269. In any event it was without injury to the defendant. As one may acquire a name by reputation that will as cer-

(Stallworth v. The State.)

tainly identify him as his real name, it was not error to permit the state to show that the negroes on McLeod's plantation were often called McLeod.—*Washington v. The State,* 68 Ala. 85; *Frazier v. The State,* 116 Ala. 441; 21 Am. & Eng. Ency. of Law, (2nd Ed.) 305. The court rightly ruled that the state could only prove the fact of a previous difficulty but could not go into details.—*Martin v. The State,* 71 Ala. 1; *Gordon v. The State,* 140 Ala. 29. There was no objection to permitting the state to show where deceased lived.—*Kirkland v. The State,* 141 Ala. 45.

The objection of the state to the introduction of the showing was rightly sustained. It contained in part details of the previous difficulty.—*Bernay v. State,* 69 Ala. 233.

The previous difficulty occurred about twenty minutes before deceased was killed and at a different place. It is unreasonable to say that the first difficulty was part of the second.—*Pitts v. State,* 140 Ala. 70, 80.

The court rightly refused to permit defendant when testifying in his own behalf to prove the details of the former difficulty.—*Gordon v. State,* 140 Ala. 29, 6 h. n. 37.

There was no error in the portion of the oral charge of the court excepted to. Under the doctrine of apparent necessity the circumstances must have been such as to reasonably impress the defendant that he was in great and imminent peril, and he must have been so impressed.—*Mitchell v. State,* 133 Ala. 65, 8 h. n. 72; *McClellan v. State,* 140 Ala. 99.

The charge of the court with reference to the name of deceased was correct.—*Washington v. State,* 68 Ala. 85.

There could be no question of manslaughter if the quarrel was begun by the defendant. "He could not be heard to urge in his own justification a necessity for the killing which was produced by his own wrongful act."— *Hendricks v. State,* 122 Ala. 42, 46.

The defendant was convicted of murder in the second degree and charge one which has reference to murder in the first degree need not be considered.

The general charge was doubtless asked on the theory that there was a variance between the allegation and the

(Stallworth v. The State.)

proof as to the name of the deceased. There was evidence that the deceased was known by the name laid in the indictment, and this was sufficient.

Charge 3 was properly refused for the reason assigned to No. 2.

Charges 4 and 5 were properly refused, for that they did not hypothesize the defendant's inability to retreat. —*Mitchell v. State*, 133 Ala. 65, 8 h. n. 72.

TYSON, J.—It cannot be affirmed that the court abused its discretion in refusing to continue the cause and in putting the defendant on a showing for the absent witness, Seigler.—*House v. State*, 139 Ala. 132, 36 South. 732.

The statement of witness Stallworth that he heard a pistol fire and that the hole in the forehead of deceased was caused by a bullet from a pistol, if error, became one on account of being an opinion of the witness not an expert on the subject, was clearly without injury, since the undisputed testimony, including that of defendant shows that the deceased was killed by a bullet fired from a pistol striking him in the forehead.

While it is true that a person may acquire by reputation a name which would as certainly identify him as his true name, and the assumed name or the one acquired by reputation may be used in the indictment just as effectively to identify him as his true name, yet proof of the assumed name or the one acquired by reputation cannot be established by the statement made to the witness by a third person that his name was the one alleged in the indictment. This is pure hearsay testimony, and should not have been admitted. Nor, for that matter, can the true name of a person be proven in this way. The witness should have a personal knowledge of the fact to which he deposes, and not be allowed to predicate his knowledge purely upon what some one has told him in the absence of the accused. It is undoubtedly true that the prosecution can show that the deceased was as well known by the name alledged in the indictment as by his true name, if the one alleged is not his true name, for the purpose of identification, and therefore to establish

that averment; but this cannot be done in the manner attempted on the trial, as shown by the examination of the witness Stallworth.

The court correctly confined the state and defendant to proof of the bare fact of a previous difficulty between the deceased and the defendant, excluding the details of it.—*Gordon v. State,* 140 Ala. 29, 37, 36 South. 1009.

The answer of witness McLeod in response to a question propounded to him by the solicitor on cross-examination was clearly incompetent and should have been excluded. The assumed name of the deceased or the one acquired by him by reputation could not be proven in this way. It "was too uncertain, indefinite, and remote to come within the class of evidentiary facts regarded as relevant." It had no legitimate tendency to prove the same fact to be true in the particular case of the deceased. In other words, the fact that negroes living on McLeod's place are sometimes called by the name of McLeod, does not tend to prove that deceased's surname was McLeod, and not Moseley. Such testimony is entirely outside of the inference of the principle permitting evidence of custom or usage.—*White v. State,* 72 Ala. 195, 199.

That portion of the showing of Seigler remaining after eliminating the details of what occurred between deceased and defendant at the store of Hybart & Co. should have been admitted. It contained nothing more than the fact of defendant leaving the store and going to the place where the shooting occurred, and what took place between deceased and defendant at the time of the killing.

We will not discuss in detail the other exceptions reserved upon the trial to the rulings of the court upon the admission of evidence. Suffice it to say there was no error in any of them.

As the judgment must be reversed, and the cause remanded for a new trial, we deem it unnecessary to review the exceptions taken to portions of the oral charge of the court, since it will not, in all probability, be tried again by the special judge who tried this cause. We will, however, review the written instructions requested and refused to the defendant.

(Stallworth v. The State.)

The first of them, if erroneously refused, is not available to work a reversal, because the defendant was convicted of murder in the second degree, which operates under our decisions as an acquittal of murder in the first degree. The second was correctly refused for the reason under the evidence that was admitted, though erroneous, it was for the jury to determine whether the deceased's name was correctly laid out in the indictment. It certainly could not have been asked upon the theory that the homicide, which was admittedly committed by defendant, was excusable. On the contrary, the testimony admitted by the court shows without dispute that defendant was at fault in bringing on the difficulty. His own testimony showed his willingness to engage in the deadly combat. His replies to deceased just before the shooting were of such a character as to provoke the deceased to advance upon him and to precipitate the apparent necessity to take his life. This being true, he cannot invoke the protection which the law accords to those who take human life in defense of their person. A slayer of a human being must not be unmindful of his words or acts on the occasion of the homicide, which are likely to produce the deadly combat. And if by his acts, words or conduct he shows a willingness to enter the conflict, or if by his words or acts he invites it, he must be held to have produced the necessity for slaying his adversary, and cannot invoke the doctrine of self-defense.—*Reese v. State*, 135 Ala. 13, 33 South. 672; 5 Mayfield's Dig. p. 863. This also disposes of charges 4 and 5 adversely to defendant.

Charge 3 should have been given. It asserts no more than that the burden of proof was upon the state to establish by the evidence the name of the deceased, as alleged in the indictment, by that degree of proof required in criminal cases. The plea of not guilty put in issue this allegation, and the state undertook to prove it, and properly so. It was a controverted issue of fact in the case, and a material averment in the indictment.—*Underwood v. State*, 72 Ala. 220.

Reversed and remanded.

SIMPSON, ANDERSON, and DENSON, JJ., concur.