(75 South. 708)

STEVENS v. STATE. (7 Div. 453.)

(Court of Appeals of Alabama. May 8, 1917.)

1. HOMICIDE ⬅192—EVIDENCE—ADMISSIBILITY.

In prosecution for homicide, wherein defendant interposed self-defense, evidence that deceased when shot was going toward his own barn, near which accused lived, was admissible on provoking the difficulty.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 415.]

2. HOMICIDE ⬅112(1)—DEFENSES—SELF-DEFENSE.

A defendant whose own wrongful act brings on the difficulty is not entitled to plead self-defense.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 145.]

3. WITNESSES ⬅360—IMPEACHMENT—CONFORMITY TO PREDICATE.

Where defendant introduced a witness to impeach one of the state's witnesses, the witness impeached could be called to contradict the testimony of the impeaching witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1165, 1166.]

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 102.          [2] 15 Ala. App. 135.

**4. CRIMINAL LAW** &bull;&rarr;763, 764(7)—INSTRUCTIONS—PROVINCE OF JURY.

A requested instruction that, if the jury believes from all the evidence that defendant's testimony is true, the jury should acquit him of the alleged offense of murder, was properly refused as an invasion of the province of the jury, where defendant's own testimony tended to show that he willingly entered into the difficulty, although he pleaded self-defense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1734.]

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Alex Stevens was convicted of murder in the second degree, and he appeals. Affirmed.

The charge refused to defendant, and marked 47BB, is as follows:

If the jury believe from all the evidence that defendant's testimony given by him in this cause is true, then the jury should acquit the defendant.

R. J. Hooten, of Roanoke, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. The statute (Code 1907, §§ 6636, 6646) authorizes the taxation of the costs against the defendant in criminal cases on conviction, whether it be a felony or a misdemeanor. Burgin v. Hawkins, 101 Ala. 326, 14 South. 771.

[1] The evidence offered by the state showing that the barn where the deceased was killed belonged to the deceased and that he kept his mules in the barn was properly admitted. Evidence was offered tending to show that deceased had been to the barn twice before the time he was shot by the defendant; and one of the defendant's theories seems to have been that deceased was coming over to defendant's house, which was near the barn, seeking the defendant for the purpose of bringing about a difficulty, and the evidence showing that the deceased's mules were kept at the barn had some tendency to rebut the defendant's theory. This evidence was admissible also on the theory that it tended to show that the manure in the stables belonged to the deceased.

[2] If this was true, and the defendant was taking the property of the deceased without his authority, and the defendant's wrongful act brought on the difficulty, he was not entitled to plead self-defense. Stallworth v. State, 146 Ala. 8, 41 South. 184; Reese v. State, 135 Ala. 13, 33 South. 672; Brewer v. State, 160 Ala. 66, 49 South. 336; Langham v. State, 12 Ala. App. 46, 68 South. 504.

[3] While the state's witness Mrs. French was testifying, she was asked on cross-examination by the defendant, for the purpose of laying a predicate for her impeachment, "if she did not state to the defendant's witness Sikes that, if she could see Messer [another witness in the case], she could get him to change his testimony." The defendant then offered Sikes, who testified that on an occasion when the state's witness Mrs. French was at his house that she made the statement, "if she could see Roy Messer, that she thought she could get him to change his evidence." The state recalled Mrs. French, and she was allowed, over the defendant's objection, to give her version of the conversation, which tended to contradict the testimony of Sikes. This ruling of the court was free from error. Sikes was the impeaching witness, and defendant had laid the predicate to impeach Mrs. French, and it was the right of the state to meet the impeaching evidence without conforming to the defendant's predicate. In other words, the rule requiring the party laying the predicate to conform to the predicate in interrogating the impeaching witness is not applicable.

[4] Special charge 47BB was properly refused. There was testimony from which the jury might draw the inference that the defendant was expecting to have trouble with the deceased; that he armed himself with a gun and awaited developments with the knowledge that the deceased was probably armed and would resent his manifestation of hostility. In fact, the defendant's own testimony tends to show that he entered willingly into the controversy with the defendant about the right to move the manure, and the jury were authorized to infer that the defendant provoked the deceased to make a hostile demonstration in order that he might, under the color of self-defense, slay him.

"Murderers sometimes provoke an enemy or intended victim to assault them, that, under the protection which the law is supposed to furnish them, they may wreak vengeance upon him, who by this contrivance is made to appear to be the aggressor. A homicide thus perpetrated is a most atrocious murder in the first degree." Mitchell v. State, 60 Ala. 26; Ex parte Nettles, 58 Ala. 268; Scales v. State, 96 Ala. 75, 11 South. 121.

The charge was not only an invasion of the province of the jury, but it sought to give undue prominence to the defendant's testimony and authorize a verdict thereon without considering the other evidence in the case.

There is no error in the record, and the judgment is affirmed.

Affirmed.