(78 South. 416)

WINDER v. STATE. (7 Div. 451.)

(Court of Appeals of Alabama. April 2, 1918.)

1. HOMICIDE ☞112(2)—DEFENSES—PROVOKING DIFFICULTY — FREEDOM FROM FAULT — EVIDENCE.

Where accused at a public entertainment became boisterous, was evicted, and warned to stay out, but attempted to re-enter the house, in doing which he shot the master of ceremonies, he was not free from fault.

2. ASSAULT AND BATTERY ☞48 — AFFRAY — EVIDENCE.

Where accused, after being evicted from a public entertainment and warned to stay out, sought to return, and in so doing attacked one in charge, he was guilty of an assault or an affray.

Appeal from Circuit Court, Calhoun County; Thomas W. Coleman, Jr., Judge.

Ed Winder was convicted of murder, and he appeals. Affirmed.

Charles F. Douglass, of Anniston, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The difficulty between defendant and Woodall, the person alleged to have been assaulted, occurred at a schoolhouse, where a public entertainment was in progress, and the evidence shows without dispute that before the difficulty the defendant, while in the house where a hundred or more persons, including both men and women, were present, became boisterous, and was requested by the "master of ceremonies" to be quiet or leave the house; that thereupon he was taken out of the house, and as he was leaving the house he fired his pistol, and immediately thereafter, with a pistol in his hand, he attempted to enter the house, and, according to the theory advanced by his testimony, after Woodall had warned him if he came back into the house he (Woodall) would eject him, and in his attempt to enter the house he encountered Woodall, and they engaged in a fight, in which Woodall was shot. This evidence shows without dispute that the defendant was not free from fault. Reese v. State, 135 Ala. 13, 33 South. 672;

Langham v. State, 12 Ala. App. 46, 68 South. 504.

[2] The undisputed evidence also shows that defendant, after the warning of Woodall not to enter the house attempted to enter it, and engaged in a fight with Woodall. Under this evidence defendant was guilty of an assault or an affray, and it was not error for the court to instruct the jury that if they believed the evidence beyond a reasonable doubt, they should not acquit the defendant. Warren v. State, 197 Ala. 313, 72 South. 624; Parrish v. State, 139 Ala. 16, 36 South. 1012.

The question of the intent to murder was left to the jury by the oral charge of the court, and the charge given at the request of the solicitor in no way invade' the province of the jury in respect to the intent.

We find no error in the record.

Affirmed.