184 So. 688

**SHACK v. STATE.**

**2 Div. 132.**

Supreme Court of Alabama.

Nov. 25, 1938.

D. M. Boswell, of Butler, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BROWN, Justice.

The appellant, on his trial under an indictment for murder in the first degree, was convicted of the offense of murder in the second degree, and as a punishment was sentenced to serve a term of thirty years and one day in the penitentiary.

The evidence is without dispute, that in a rencounter and controversy over a ten cent box of snuff resulting in combat, the defendant cut or stabbed Dan Crowell, the person alleged to have been killed, and that Crowell died within two hours from the wounds so inflicted on him.

The evidence, on the part of the State, goes to show that in the fall of 1933, while the deceased was sitting on a bench east of Bruister's store in Lisman, Choctaw County, Alabama, talking to the State's witness, Felix Ridgway, the defendant approached deceased, and according to the testimony of said witness, "told him to give him his snuff, and Dan said he didn't have his snuff, and he said yes he did, and he said no I ain't," and defendant then caught deceased and began to cut or stab him with a knife.

The version given by the defendant in his testimony is that he bought the box of snuff at Bruister's, left it on the counter, and thereafter he saw Crowell take it and put it in his pocket and leave the store. Defendant followed Crowell down to the

**668**

alley between Bruister's store and another store east of Bruister's, accosted him demanding the snuff, defendant putting his hand in deceased's pocket taking the snuff from deceased's pocket; that deceased then cut him and he drew a knife from his pocket and cut the deceased, he could not say how many times.

■ "The necessity that will excuse the taking of human life must not have been produced or invited by the wrongful act or word of the slayer. He must be mindful of his acts or conduct which are likely to produce a deadly combat; and, if his acts or conduct show a willingness to enter into combat, or if his acts or words in any way invite it, in the eye of the law he has produced a necessity for slaying his adversary, and he cannot invoke the doctrine of self-defense. It is not enough that he is reasonably free from fault. He must be entirely free." Langham v. State, 12 Ala. App. 46, 68 So. 504, 506; Brewer v. State, 160 Ala. 66, 49 So. 336; Reese v. State, 135 Ala. 13, 33 So. 672; Stallworth v. State, 146 Ala. 8, 41 So. 184.

■ The defendant, in the light of his own testimony, was not free from fault, and was not entitled to invoke the doctrine of self-defense.

■ The solicitor's objection to the question to the witness Moore "What his [deceased] condition was—if he had been drinking?" when Moore last saw deceased at Bruister's store was sustained without error. Moreover, the objection was not made until after the question was answered by the witness "Well yes, there were several of them," and motion was not made to exclude, but this testimony was left before the jury.

■ The question of the solicitor to the witness Reuben Ruffin "If he had ever heard this man [the defendant] threaten this dead negro?" was permissible for the purpose of showing malice. 1 Mayfield Digest, 837, 838.

■ The answer of the witness "that he had heard that this man had threatened Dan," was excluded and the jury instructed not to consider this answer.

■ Defendant's special charge 3 was properly refused, for reasons among others, it authorized an acquittal of the defendant unless each of the jurors believed from the evidence beyond a reasonable doubt that he was guilty of some offense covered by the indictment. It also tends to inculcate

the idea that each juror must reach a verdict without the aid, consideration and deliberation of his fellows. Cunningham v. State, 117 Ala. 59, 23 So. 693; Diamond v. State, 15 Ala.App. 33, 72 So. 558.

■ There is no reference to the motion for new trial in the bill of exceptions. Nothing is presented for review in this respect. Stover v. State, 204 Ala. 311, 85 So. 393; Andrews v. State, 23 Ala.App. 520, 128 So. 126.

We find no errors on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.