BOWEN, Judge.
Bobby Grier, the appellant, was convicted of capital murder in connection with the robbery-murder of 95-year-old Afton Lee, Sr. He was sentenced to life imprisonment without the possibility of parole. In addition, the trial judge imposed a fine of $10,-000 and ordered restitution in the amount of $4,903.75. The appellant raises three issues on this appeal from that conviction.
I.
We find no merit to the appellant’s argument that the denial of his request for treatment as a youthful offender was error because that denial was allegedly based upon the trial judge’s mistake as to the appellant’s age and upon the nature of the crime.
The appellant and Theodore Alton Roberts were separately indicted for the capital murder of Mr. Lee. Although the two were tried separately,[1] the trial judge held a hearing on March 8, 1990, on both the appellant’s and Roberts’s requests for youthful offender treatment. Prior to this hearing, the trial judge had ordered and received an investigative report from the Alabama Board of Pardons and Paroles. In denying both defendants’ requests for youthful offender treatment, the trial judge stated:
“[T]he Court must take into consideration many factors: one, the age of the defendant, and the Court has taken into consideration that both [of] these defendants, at the time of the alleged commission of the offense, were 20 years of age, or under the age of 21. Grier will be 21 in November, and Roberts will be 21 in April, I believe.”
[[Image here]]
“The Court is denying youthful offender status after an investigation having been made and arguments presented to the Court in this matter. The Court will arraign them as adults.”
R. 9-10. Apparently the presentence investigation report contained in the record includes the report of the youthful offender investigation. That report lists the appellant’s birth date as “11/23/69.” R. 1052. Using that birthdate, the appellant would have been 19 years and 11 months old (24 days short of 20 years) on October 30, 1989 — the date of the offense.
The trial judge was mistaken in his statement that the appellant was 20 years old at the time of the offense. However, for purposes of this issue, we see no practical distinction between the ages of 20 years and 19 years and 11 months. Furthermore, the trial judge was correct in his statement that the appellant would be 21 years old in November 1990. In addition, defense counsel did not object to the trial judge’s mis *794 take and should not be heard to complain for the first time on appeal.
It is obvious to this Court that the appellant’s request for youthful offender treatment was properly denied. Winton v. State, 563 So.2d 22, 23-24 (Ala.Cr.App.1990). The denial was not based “solely and only upon a consideration of the nature of the crime charged.” Watkins v. State, 357 So.2d 156, 160 (Ala.Cr.App.1977), cert. denied, 357 So.2d 161 (Ala.1978) (emphasis omitted).
II.
The trial judge properly denied the appellant’s motion for a change of venue.
Both the appellant and codefendant Roberts requested a change of venue. The same evidence was presented in support of both motions. In Roberts v. State, 579 So.2d 62, 64-65 (Ala.Cr.App.1991), this Court, applying the principles of Ex parte Grayson, 479 So.2d 76 (Ala.), cert. denied, 474 U.S. 865, 106 S.Ct. 189, 88 L.Ed.2d 157 (1985), held that the trial judge did not err in denying Roberts’ motions for change of venue and for a new venire based on the ground of pretrial publicity. We adhere to that opinion in upholding the action of the trial judge in denying the appellant’s request for a change of venue.
Furthermore, in the appellant’s case, the jury venire was questioned by the court, the prosecution and defense counsel. Twenty-one of the 50 persons on the venire had heard of the appellant’s case. The appellant was permitted to individually voir dire those venire members who indicated that they had heard or read about the case. Of the 23 members of the venire who were individually questioned, only three indicated that they had an opinion concerning guilt or innocence. Those three were excused for cause. Under Grayson, supra, the appellant failed to show the existence of actual prejudice against him or that the community was saturated with prejudicial publicity. The trial judge properly denied the appellant’s motion for change of venue.
III.
The appellant contends that his statements to the police were involuntary because he was placed in a padded cell, his statements were based on promises by an investigator, and his statement was taken after he had asserted his right to counsel. This Court need not decide whether the trial judge erred in ruling that the appellant’s statements were voluntary and admissible into evidence because those statements were never mentioned or used by the prosecution at trial. “It is well established that under Rule 45 [A.R.App.P.] an appellant must not only show error but must also demonstrate that such error was probably injurious.” Kennedy v. State, 291 Ala. 62, 65, 277 So.2d 878, 880 (1973). Although the rule is to be applied with caution, the appellate courts of this state have on occasion recognized that even error in the admission of a declaration or confession by a defendant may be cured by excluding the evidence and giving a proper instruction to the jury. See Shack v. State, 236 Ala. 667, 668, 184 So. 688, 689 (1938); Kelley v. State, 519 So.2d 1368, 1370 (Ala.Cr.App.1987). Here, the appellant received the practical benefit of his motion to suppress in that the jury never heard any evidence concerning his inculpa-tory statements. See Sears v. State, 10 Ala.App. 76, 77, 65 So. 300, cert. denied, 187 Ala. 672, 65 So. 1034 (1914), where the appellate court held that if the rulings were originally erroneous the error was cured where such rulings were subsequently changed so that the defendant was given the benefit of everything he sought to obtain through his objections.
The appellant argues on appeal that “[bjecause [his statements] were not suppressed they were available to the District Attorney for use if the Appellant would have testified in his own behalf. Because of [the] failure to suppress these statements by the trial court the Appellant did not testify in his own behalf.” Appellant’s brief at 19. This argument was not presented to the trial court, is not supported by the record, and is not preserved for review. “Matters not objected to at trial cannot be considered for the first time *795 on appeal, since review on appeal applies only to rulings by the trial court.” Adams v. State, 585 So.2d 161 (Ala.1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. Roberts was convicted of capital murder and sentenced to life imprisonment without parole. That conviction was affirmed on appeal. Roberts v. State, 579 So.2d 62 (Ala.Cr.App.1991).