## Evans v. The State.

### Indictment for Murder.

1. *Evidence; when testimony of witness as to conclusions not reversible error.*—Under the influence of section 4333 of the Code of 1896, establishing the doctrine of error without injury in criminal cases, no presumption of injury arises from improperly allowing a witness to state a conclusion of fact, when such witness also states the specific facts upon which that conclusion is based, so that the jury can draw their own conclusions therefrom; and a reversal of the judgment can not be based upon the admission in evidence of the conclusion testified to.

2. *Same; same; case at bar.*—On a trial under an indictment for murder, it is not a reversible error for the court to allow a non-expert witness who examined the wounds inflicted upon the deceased, to testify that "they looked like they had been cut from the front of the throat back toward the ear," when such witness further testified in detail to the character of the gashes in the throat, and the facts upon which he based his conclusion as to the appearance of the wounds.

3. *Homicide; self-defense; charge in reference thereto.*—On a trial under an indictment for murder, where the defendant sets up self-defense, an instruction by the court in its general charge that "Life can not be taken to arrest any other than a felonious assault, or an attempt to commit a forcible felony," and "If an assault is not felonious, however it may mitigate, it can not justify the taking of human life," is not open to the objection that it authorizes self-defense only to arrest actual danger of a felonious nature, when in other parts of the general charge the court further instructs the jury that the danger which will justify the taking of life to save a life, need only be apparent.

[Evans v. The State.]

4. *Misleading charges; when not reversible.*— If a charge given by the court has a tendency to mislead the jury, the party objecting to it should ask an explanatory charge, and failing to do this, the giving of such charge will not work a reversal of the judgment.

5. *Homicide; character of assault to justify self-defense.*—An assault which will justify homicide and self-defense, the other conditions of self-defense existing, must be of such a character as if perpetrated is likely to produce death or grievous bodily harm, and it is not necessary that it should be a felonious assault or an attempt to commit a forcible felony, as felonies are defined by our statutes.

6. *Same; same; charge to the jury.*—On a trial under an indictment for murder, where the defendant relied upon self-defense, a charge to the jury which instructs them that "Life can not be taken to arrest any other than a felonious assault, or an attempt to commit a forcible felony,' and "If an assault is not felonious, however it may mitigate, it can not justify the taking of human life," though faulty, is not prejudicial to the defendant, and will not avail to reverse the judgment, where it is shown by the evidence, without conflict, that if any assault was made by the deceased upon the defendant, it was a felonious assault and forcible.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant, Lum Evans, was tried under an indictment which charged him with the murder of Parker Rowe by cutting him with a knife, was convicted of murder in the second degree, and sentenced to the penitentiary for twenty-three years. The facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

AMOS E. GOODHUE, for appellant.—The trial court erred in allowing one of the witnesses for the State to testify that the wounds on the person of the deceased "looked like they had been cut from the front of the throat back toward the ear."—*Hodge v. State*, 97 Ala. 37 ; *Lewis v. State*, 96 Ala. 6 ; *Riley v. State*, 88 Ala. 193.

The court erred in giving those portions of the general charge to which the defendant excepted.—*Poe v. State*, 87 Ala. 65.

[Evans v. The State.]

CHARLES G. BROWN, Attorney-General, for the State.— The court did not err in admitting the testimony of the witness as to the appearance of the wounds upon the deceased. This testimony was the statement of a collective fact or a shorthand rendering of the facts.—*Linnehan v. State*, 116 Ala. 471; *Thornton v. State*, 113 Ala. 43; *Ray v. State*, 50 Ala. 107; *Moore v. State*, 7 Tex. App. 618. Even if it was a conclusion or opinion of the witness, the witness also stated the facts which were sufficient to enable the jury to draw their own conclusions, and in this particular the ruling was free from error.—Underhill on Evidence, pp. 265-6; *Adams v. Main*, 3 Ind. App. 232; *Penn. Coal Co. v. Frund*, 30 N. E. Rep. 1116; *Longworthy v. Green*, 88 Mich. 207.

The instruction in the general charge of the court as to the assault that would justify the taking of life, was not, under the facts in this case, erroneous.—*McDaniel v. State*, 97 Ala. 17; *Wills v. State*, 73 Ala. 362; *Ex parte Brown*, 65 Ala. 446; *Springfield v. State*, 96 Ala. 81; *Hammil v. State*, 90 Ala. 582; *Bell v. State*, 117 Ala. 696; *Stoball v. State*, 116 Ala. 455.

McCLELLAN, C. J.—Evans, the appellant, was defendant in the court below to an indictment for the murder of Parker Rowe. The evidence showed that Rowe was killed with a knife, the arteries and veins being severed on each side of the throat. There were two or three incisions on each side of the throat and neck. On the trial the court, against defendant's objection, allowed a non-expert witness, who examined the wounds, to testify that "they looked like they had been cut from the front of the throat back toward the ear." This witness went on to further testify that "the gashes were deeper in front part of the throat, cuts were almost together, but toward the ears they became shallower and further apart, the severed skin in edge of gashes were grained toward the ear, one gash left the throat and cut the lower portion of the ear, [one] gash left the throat and run up on jaw." It would seem that the admission of the evidence objected to was proper, (*Perry v. State*, 87 Ala. 30; *Watkins v. State*, 89 Ala. 82), though the case of *Nave v. Ala. Gt. So. R'y Co.*, 96 Ala. 264, casts some doubt upon it; but, whether so or not, under the influ-

ence of section 4333 of the Code establishing the doc-
trine of error without injury in criminal cases, the
principle applies, that where a witness, though improp-
erly allowed to state a conclusion of fact, states also the
specific facts upon which that conclusion is based so that
the jury can draw their own conclusions therefrom, no
presumption of injury arises from the admission of his
conclusion, and a reversal cannot be based upon it.—Un-
derhill on Evidence, § 186 ; *Langworthy v. Green*, 88 Mich.
207 ; *Pennsylvania Co. v. Frund*, 30 N. E. Rep. 1116.
This is analogous to the rule long established in this
State that a non-expert witness may give his opinion or
conclusion as to sanity if he details facts upon which it
is predicated.—*Fountain v. Brown*, 38 Ala. 72 ; *Murphee
v. Senn*, 107 Ala. 424 ; *Burney v. Torrey*, 100 Ala. 157.

The court in its general charge instructed the jury as
follows : "Life cannot be taken to arrest any other than
a felonious assault, or an attempt to commit a forcible
felony," and again : "If an assault is not felonious, how-
ever it may mitigate, it cannot justify the taking of hu-
man life." In other parts of the general charge there
is announced the principle that the danger which will
justify taking life to save life need only be apparent, so
that construing the whole charge, as we must, together,
the clauses copied above are not open to the objection
that they authorize self-defense only to arrest actual
danger of a felonious nature.

Moreover, these charges considered abstractly do not
impugn upon that principle. They deal only with cases
of actual assault, and they mean only that where there is
an actual assault it must be of the character stated, else
life cannot be take in resistance of it. And at most it
would seem that the omission of reference in the charges
to defendant's right to act upon apparent, as well as
upon actual danger could only serve to give them a
misleading tendency which should have been corrected
by requests for explanatory charges, and which will not
justify a reversal of the judgment.—*Poe v. State*, 87 Ala.
65, 69–70.

But, coming to the merits of the instructions apart
from the objection to them we have been considering, it
is found that they were taken bodily and literally from

the opinion of this court in the case of *Eiland v. State*, 52
Ala. 322, 331, where it is said that a charge under dis-
cussion "if given without explanation, would probably
have induced the jury to believe that any peril to the
person, though it was of mere indignity, or of mere bat-
tery, from which great bodily harm could not have been
reasonably apprehended, would justify the taking of life,
if it could not be escaped by retreat, or if retreat would
increase the peril of it. *Life cannot be taken to arrest any
other than a felonious assault, or an attempt to commit a for-
cible felony. If an assault is not felonious, however it may
mitigate, it cannot justfy a homicide.* If a felonious assault
is so violent that the assailed cannot retreat from it with-
out manifest danger to his life or of enormous bodily
harm, the duty of retreat does not rest on him." A
strong argument is made against the soundness of that
part of the opinion which we have italicised, and which
is embodied in the instructions. It is said by counsel:
"The vice of these charges consists  *  *  *  in the
fact that they deny the right of self-defense in all cases
in which the object of the assailant is to inflict great
bodily harm not amounting to a felony. To constitute
a felonious assault, the intent of the assailant must be to
murder, maim, rob or ravish. Suppose the intention of
the assailant is to inflict great bodily harm short of
murder, mayhem or rape, and this intention is known
to the defendant, may he not lawfully take life to arrest
such an assault, provided, of course the other elements
of self-defense are shown?" In line with these sugges-
tions, it has been frequently said in this court in defini-
tion of the assault which may be resisted under certain
conditions to the taking of life, that it must be of such a
character as if perpetrated it is likely to produce death
or grievous bodily harm.—*Jackson v. State*, 94 Ala. 85,
90, and cases there cited. It would seem  under
these decisions that an assault which will justify homi-
cide in self-defense, other conditions existing, need not
be a felonious assault, or an attempt to commit a forci-
ble felony as felonies are defined by our statutes. It is
probable that the terms used in these instructions came
into vogue and accurately declared the law when they
had different meanings from that which attaches to them

18

[McLeroy v. The State.]

under our statutory demarkation between felonies and misdemeanors. However that may be, whether the charges are faulty or not in the respect pointed out for appellant, no injury could have resulted to the defendant from their being given, since the evidence was without conflict that if any assault was made by the deceased, it was a felonious assault and forcible, being no less than an attempt by him to take defendant's life by cutting him with a knife accompanied by a declaration of his deadly purpose. Under these circumstances the fault of the instructions insisted upon will not avail to reverse the judgment.

We have discussed the questions treated of in appellant's brief. There are several other questions presented by the record. These we have duly considered. The rulings involving them are, however, so patently free from error, or lacking in prejudice to the appellant, that we deem it unnecessary to discuss them.

The judgment is affirmed.