# Stuart v. Mitchum.

## Statutory Trial of the Right of Property.

1. *Secondary evidence; sufficient proof of loss.*—Where, in the trial of a claim suit, a mortgage and bill of sale given to the claimant are pertinent to the issue being tried, and the claimant's attorney testifies that a few days previous to the time of the trial he had the papers in his desk and took them out with a view to having them ready for the trial, and laid them on his desk, and that he had not seen them since, and, although he had made search for them he could not find them on the desk and did not know they were there, such testimony of the attorney lays a sufficient predicate for the introduction of secondary evidence as to the contents of the lost paper.

2. *Same; same.*—In such a case, it is not competent for a witness who states that he does not recollect the contents of a lost bill of sale, to give his opinion as to whether or not the paper referred to was a bill of sale or a mortgage.

3. *Statutory claim suit; bill of sale; not necessary to be recorded.* The law does not require that a bill of sale should be recorded; and in a statutory claim suit, where the claimant claims the property involved in the suit under a bill of sale, a charge which instructs the jury that the said bill of sa'e is void as to the plaintiff, if it was not recorded in the county where the property was located, and the plaintiff had no notice of the existence of the bill of sale, is erroneous and properly refused.

4. *Statutory claim suit; charge of court as to foreclosure of mortgage.*—In a statutory trial of the right of property, where the claimant claims as purchaser at foreclosure sale of a mortgage, and it is shown that nothing was paid by the claimant

[Stuart v. Mitchum.]

under the pretended foreclosure sale, nor was it intended that anything should be paid, the mere form of such foreclosure sale of the property in question, although the mortgagor who was the defendant in the original suit consented thereto, did not, as against the plaintiff, give the claimant as good title to said property as if the sale had been a valid one; and a charge which instructs the jury otherwise is erroneous and properly refused.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was a statutory trial of the right of property. The appellant, J. B. Stuart, recovered a judgment against J. M. Mitchum. Upon this judgment execution was issued, which was levied upon property as the property of J. M. Mitchum. After the levy of the execution upon said property a claim to the property so levied upon was interposed by the appellee, J. T. Mitchum. Upon the interposition of this claim a trial was had upon issue made up under the direction of the court.

The plaintiff introduced evidence tending to show that at the time of the levy of the execution the defendant, J. M. Mitchum, was in the possession of said property, using it as his own, and further introduced evidence tending to show that the property so levied upon was the property of the defendant in execution.

The claimant introduced evidence which showed that in January, 1896, J. M. Mitchum executed to him a mortgage upon the property involved in the suit, together with some horses and a wagon and other property; that this mortgage was executed in Lauderdale county, where the property was at that time situated; that subsequently the property incuded in said mortgage was removed to Limestone and Morgan counties; that after the removal of said property, on, to-wit, March, 1896, J. M. Mitchum executed to McEntire Bros. a mortgage upon the same property which he had previously mortgaged to J. T. Mitchum; that subsequent to the execution of the mortgage to McEntire Bros., to-wit, April, 1896, J. M. Mitchum executed to J. T. Mitchum a bill of sale to the property included in said mortgage; that after the law

[Stuart v. Mitchum.]

day of McEntire Bros.' mortgage had passed there was an agreement entered into between J. T. Mitchum and McEntire Bros. by which McEntire Bros.' mortgage was to be foreclosed and at the foreclosure sale McEntire Bros. were to become the purchaser of the horse and wagon included in said mortgage, and the said J. T. Mitchum was to become the purchaser of the engine, boiler and saw, the property involved in the present suit; that this agreement was brought about by reason of the fact that the mortgage to J. T. Mitchum, the claimant, had never been recorded in either Limestone or Morgan county, where the property had been removed; that in accordance with this agreement McEntirre Bros.' mortgage was foreclosed and McEntire Bros. became the purchasers of the horse and wagon, etc., and J. T. Mitchum, through his agent, one A. J. Brown, became the purchaser of the property involved in the present suit; that there was no money paid by either of the parties purchasing at the foreclosure sale, but that McEntire Bros. marked their mortgage satisfied, and that it was expressly understood that the claimant, J. T. Mitchum, was not to be paid anything, but he delivered to McEntire Bros. his mortgage.

The facts relating to the rulings of the court upon the objections of the plaintiff to the testimony of D. W. Speake, Esq., as to the loss and proof of the contents of the mortgage and bill of sale from J. M. Mitchum to J. T. Mitchum are sufficiently stated in the opinion.

The plaintiff introduced John T. Banks, who was the justice of the peace before whom the original suit by the plaintiff was instituted, and he was asked the following question: "If he remembered the paper that was produced before him at the trial of this cause as a bill of sale, and as to a question being raised as to whether it was a bill of sale or a mortgage?" Upon the witness answering that he did not remember it, he was then asked the following question: "Whether it was a bill of sale or mortgage?" The claimant objected to the question, the court sustained the objection, and the plaintiff duly excepted.

The court, at the request of the plaintiff, gave to the jury several written charges. The court also refused to give several written charges requested by the plaintiff, among which was the folowing: (4.) "If you find from the evidence that the claimant took a bill of sale from J. M. Mitchum for the property involved in this suit, said bill of sale being executed in Lawrence county, Ala., when the property was in Morgan county, or Limestone county, and permitted the property to remain in the possession of J. M. Mitchum in Morgan or Limestone counties, and the plaintiff gave credit to J. M. Mitchum, without notice of any claim that the claimant had against such property, said bill of sale was void as to plaintiff."

The plaintiff separately excepted to the court's refusal to give each of the charges requested by him, and also separately excepted to the court's giving, at the request of the claimant, among others, the following written charges: (8.) "Although the sale of the mortgaged property by McEntire Bros. was a satisfaction of the McEntire debt, yet if J. M. Mitchum consented for his brother to hold and own the machinery under his purchase at said sale, then the claimant is as much entitled to the property under said sale as if the McEntire sale as to that property had been valid."

There were verdict and judgment for the claimant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

W. R. FRANCIS, for appellant.—The law requires, before secondary evidence can be given of the contents of a paper supposed to me lost or destroyed, a *bona fide* and diligent search, that will enable a party to testify that it cannot be found, and that he honestly believes it to be either lost or destroyed.—*Bogan v. McCutchen,* 48 Ala. 493; *Donegan v. Wade,* 70 Ala. 501; *Smith v. West,* 64 Ala. 34. Such evidence should be cautiously admitted and carefully considered, lest courts and juries may thereby be misled and deceived.—*Bogan v. McCutchen,* 48 Ala. 493.

As a matter of law a bill of sale is not necessary to pass the title to personal property.—51 Mo. 47; *Darnell r. Griffin,* 46 Ala. 520; *Pilgreen v. State,* 71 Ala. 368; *Gunn v. Lewis,* 85 Ala. 221; *McRae v. Young,* 43 Ala. 520; 2 Am. & Eng. Ency. Law, 476, note 1; *Stout v. Nelson,* 67 Ala. 504.

When the fact shown by the writing is merely incidental or collateral, production of it is not required. *East v. Pace,* 57 Ala. 521; *Stout v. Nelson,* 67 Ala. 504; *Winslow v. State,* 76 Ala. 42.

A charge which ignores any material conflicting or qualifying evidence, or a material fact which is the legitimate inference of other proven facts, is misleading and erroneous.—*Boyd & Co. v. Jones,* 96 Ala. 305; *Ramsey v. State,* 91 Ala. 29; *White v. Croft,* 91 Ala. 142; *Thompson v. Duncan,* 76 Ala. 334; *Electric Lighting Co. of Mobile v. Elder Bros.,* 115 Ala. 138.

No counsel marked as appearing for appellee.

DOWDELL, J.—This action is what is known as a statutory claim suit for the trial of the right of property to an engine, boiler, and saw and attachments, levied upon by execution, as the property of the defendant in execution, under a judgment in favor of the plaintiff against J. M. Mitchum. A claim was interposed by J. T. Mitchum, and on the trial issue was duly made up under the direction of the court. The plaintiff introduced evidence making a *prima facie* case, and then rested. The claimant in offering evidence sought to prove by D. W. Speake the contents of a mortgage from J. M. Mitchum, the defendant in execution, to J. T. Mitchum, the claimant, covering the property in dispute, also the contents of a lost bill of sale to the same property from the defendant to the claimant. This evidence was objected to by the plaintiff on the grounds that a sufficient predicate had not been shown for the introduction of secondary evidence, and that the evidence was "insufficient and incompetent." The witness testified that a few days previous to the time of the trial he had these papers in his

[Stuart v. Mitchum.]

desk, and took them out with a view of having them at
the trial, and laid them on his desk, and that he had
not seen them since, that they were not on the desk where
he put them, and that he had made search for them but
could not find them, and did not know where they were.
This witness was claimant's attorney.   The predicate
made was sufficient for the introduction of secondary ev-
idence as to the contents of the lost papers.   The other
grounds of objection were without merit.  The existence
and loss of the original papers having been shown, ren-
dered the secondary evidence competent.   The sufficiency
of evidence is a question for the jury.   The objection was
not specific and did not point out a want of sufficient
knowledge by the witness of the contents of the lost pa-
pers to qualify him to testify, but were general on the
grounds of "incompetency and insufficiency of the evi-
dence."

The bill of exceptions does not show any ruling by the
court on the motion to exclude the testimony of the wit-
ness Bailey, and consequently the assignment of error as
to this is without foundation.

There was no error in excluding the evidence of the
witness Banks as to the contents of the lost bill of sale.
He stated that he did not recollect the contents, and that
which he did state, and which was excluded, was merely
his opinion as to whether the paper was a bill of sale
or a mortgage.   This was clearly illegal evidence.

Of the written charges refused to the plaintiff, those
numbered 6, 16 and 17, find substantial duplicates in
written charges 7, 14, and 15, given at plaintiff's re-
quest, and, consequently, there was no error committed
as to these refused charges.   The refusal of the court
to give written charge numbered 4, requested by the
plaintiff, is assigned as error, and the only insistence
by counsel for appellant in argument is, "that the re-
fusal to give this charge is assigned as error on the
ground that it is analogous to removing mortgaged prop-
erty, and failure to record the mortgage in the county
into which the property is removed;" citing section 999
of the Code.   We confess that we are unable to see any
analogy between a bill of sale and a mortgage, besides,

the law does not require that a bill of sale shall be recorded.

The giving of a charge requested in writing is not reversible error, merely because it may tend to mislead the jury. The adverse party in such case should ask an explanatory charge to counteract the supposed misleading tendency.—*Evans v. State*, 120 Ala. 269. Charge numbered 8, given at the request of the claimant, was, however, something more than merely misleading in its tendency. It was under the evidence prejudicial to the plaintiff. The mere form of a sale under the McEntire mortgage, of the property in question, after the McEntire mortgage had been satisfied, although the mortgagor consented, did not, as against the plaintiff, give the claimant as good a title, as if the sale had been a valid sale; and especially is this true since nothing was paid by the claimant under said pretended sale, nor was it intended that anything should be paid. The giving of this charge was error, and for which the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.