(76 South. 568)

## Ex parte STATE.

## STATE v. KILLEN.

### (8 Div. 47.)

(Supreme Court of Alabama.  June 28, 1917.)

CRIMINAL LAW ⬥☞1114(3) — REVIEW — IN-STRUCTION.

On certiorari, where the evidence is not before this court, the decision of the Court of Appeals, reversing the judgment of conviction for the giving of an instruction, will not be disturbed.

McClellan, J., dissenting.

Certiorari to Court of Appeals.

Will Killen was convicted of murder in the second degree, and appealed to the Court of Appeals, where the judgment was reversed, whereupon the State petitions for certiorari. Certiorari to review 75 South. 176, denied.

W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.  A. H. Carmichael, of Tuscumbia, and Mitchell & Hughston, of Florence, for appellee.

SAYRE, J.  In this case the state applies for a writ of certiorari to review the judgment of reversal rendered by the Court of Appeals.  This court is of opinion that charge B given at the instance of the prosecution was capable of the interpretation suggested by the Court of Appeals, and that it would have been refused without error.  But, since the charge was given, the question of reversal on that account depends upon the probability that it did mislead the jury, and this in turn depends upon a consideration of the evidence, which we have not before us. We must presume that the Court of Appeals, looking to the record of the evidence, concluded that the charge had probably misled the jury, and for that reason ordered a reversal, or, at least, this court thinks that it must presume that the Court of Appeals may have taken that view, and, since nothing to the contrary appears, this court will not affirm error of the ruling by the Court of Appeals.

Certiorari denied.  All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting).  The Court of Appeals reversed the judgment convicting Will Killen of murder in the second degree upon the theory that the trial court erred to the prejudice of the defendant in giving, upon request of the state, the following charge:

"B. I charge you, gentlemen of the jury, that sentiment, sympathy, and pity have no place in the jury box.  If you believe from the evidence that the defendant said anything or did anything to encourage or provoke the difficulty, and you are satisfied from the evidence beyond a reasonable doubt of this fact, you cannot acquit the defendant."

I approve the following statement, which I have taken from the brief of the very capable Assistant Attorney General:

"The Court of Appeals says, in condemning this charge, that it inculcates the idea that the motive or purpose prompting the act, rather than the result or effect of the act, would put the accused at fault and cut off the right of self-defense.  We have read this charge a number of times with great care, and have been unable to discover this fault in the charge.  In fact, the charge makes no mention of motive or purpose, but properly hypothesizes, and says that if the jury believe that the defendant said anything, or did anything to encourage or provoke the difficulty, and the jury were satisfied of this from the evidence beyond a reasonable doubt, they could not acquit the defendant. This charge comprehends only acts, and is equivalent to saying that, if he was at fault in bringing on the difficulty by word or deed, he was defenseless, since he had of his own volition destroyed one of the elements necessary to establish the only defense he was asserting—self-defense—and therefore he could not be acquitted.  That was sound law."

The following authorities thoroughly justify, in my opinion, the concise, accurate statement just quoted from the Assistant Attorney General's brief:  De Arman v. State, 71 Ala. 351; Gafford v. State, 122 Ala. 54, 25 South. 10; Stallworth v. State, 146 Ala. 8, 41 South. 184; Brewer v. State, 160 Ala. 66, 49 South. 336; Pollard v. State, 12 Ala. App. 82, 68 South. 494.

Reference to the opinion of the Court of Appeals discloses the entertainment of no notion by that court of affirming that this instruction misled the jury to the prejudice of the defendant.  Their criticism of the charge is that it was affirmatively bad.  If it be assumed, for the occasion only, that the charge had a tendency to mislead the jury, a reversal could not, under the familiar rule, be entered on that account, since the duty passed to the appellant (defendant) to ask an explanatory instruction.  Evans v. State, 120 Ala. 269, 272, 25 South. 175; Edwards v. Massingill, 3 Ala. App. 406, 412, 57 South. 400; Stuart v. Mitchum, 135 Ala. 546, 552, 33 South. 670.

It results from these considerations that, in my opinion, the reversal was ill-advised, and that the writ should be granted.

---

⬥☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes