(101 So. 508)

NEWMAN et al. v. STATE. (4 Div. 901.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

1. Criminal law ⬠419, 420(1)—Evidence of what third person told state's witness held hearsay.

Evidence of statement by third person to state's witness not in presence of defendant, tending to corroborate state on only issue in case, as to time of transaction alleged as offense, was hearsay, and admission constituted reversible error.

2. Criminal law ⬠814(4)—Charge on matter as to which there was no controversy properly refused as abstract.

Where victim of alleged assault was designated throughout trial by name of Jessie C., it was proper to refuse defendant's charge that, unless jury was satisfied that party alleged to

have been assaulted was named Jessie C., defendants must be acquitted; charge being abstract.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Newman, Fred Newman, Charlie Newman, and Joe Hurst were convicted of assault and battery, and they appeal. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellants.

The charge refused to defendants should have been given. McCaig v. State, 16 Ala. App. 582, 80 So. 155. Objections to the questions asked witness Lasseter were improperly overruled. King v. State, 15 Ala. App. 71, 72 So. 552; 4 Michie's Dig. Ala. Rep. 137.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in rulings on admission of evidence.

BRICKEN, P. J. The indictment in this case charged four defendants, jointly, with the offense of assault with intent to murder. The defendants named in the indictment are Tom Newman, Fred Newman, Charlie Newman, and Joe Hurst. It is averred that they "unlawfully and with malice aforethought did assault Jessie Caldwell with the intent to murder him, etc." Upon the trial of the case each of these four defendants was convicted of an assault and battery. Judgment of conviction was duly pronounced and entered, from which this appeal is taken.

[1] It appears from the evidence, without conflict, that on Sunday afternoon, before the alleged commission of the offense here complained of, Fred Newman, one of these defendants, and Jessie Caldwell, the alleged injured party, had a difficulty at the Newman home in which Caldwell was injured by Newman. The defendants cannot complain at the wide latitude the evidence was allowed to take by the court relative to that difficulty. It was contended by defendants that the injury received by Caldwell, and the wounds inflicted upon him, all happened in that difficulty on Sunday preceding the Tuesday morning when the state insisted the knife wounds upon Caldwell were inflicted. Each of the defendants denied that any difficulty occurred on Tuesday, the time elected by the state, and this material conflict was the principal question for the jury to decide. In fact, the only question under the issues in this case. The controverted and material question before the jury being whether the wounds upon Caldwell were the result of the Sunday difficulty or the alleged difficulty on Tuesday. What Mr. Emmett Bryant told state witness J. B. Lasseter about seeing a negro lying down by the road and some white men close by, etc., was hearsay pure and simple. The defendants were not present at the time, and were therefore not bound by the statement made by Bryant to Lasseter the tendency of which was to corroborate the insistence of the state that the assault complained of in this indictment was committed on Tuesday, and it had the tendency to refute the insistence of defendants that the wounds found upon Caldwell were in fact inflicted on the Sunday before. Nor was it proper for the state to ask witness Lasseter, "What caused you to go out there, Mr. Lasseter?" The court's rulings in connection with these questions were error. The defendants by every known means tried to keep this illegal testimony out of the case. What the witness Lasseter did, and what he saw, were matters of proper inquiry. But "what Bryant told him," or "what caused him to go out there," were not. These rulings of the court necessitate a reversal of the judgment appealed from.

[2] Throughout the trial, in fact by practically every witness, the injured party was designated by the name of Jessie Caldwell; therefore the only special charge refused to defendant was so refused without error. The charge was as follows:

"Unless the jury are satisfied from the evidence beyond a reasonable doubt that the person alleged to have been assaulted is named Jessie Caldwell, defendants must be acquitted."

As stated, there was no controversy as to the name of the alleged injured party. The charge was abstract and properly refused.

Other questions presented may not arise upon another trial.

Reversed and remanded.