No. 8635.
Orleans Appeal.

---

DAVID M. DAVIS & COMPANY v. H. SHERMAN, Appellant.

---

(November 3, 1924, Opinion and Decree.)
(December 1, 1924, Rehearing Refused [Dissent]).

---

*(Syllabus by the Court.)*

1. Louisiana Digest, Sales, Par. 123, 124.

A vendor who refuses to permit his vendee to return goods sold and delivered may sue for the price without having caused the goods returned to his place of business and allowed to remain there under the representation that they will be called for in a short while, to be resold in an effort to minimize the damages.

2. Louisiana Digest, Sales, Par. 123, 124; Damages, 92.

The rule establishing the duty of the vendor to cause goods, the delivery of which has been refused by the vendee, to be resold to fix his damages, has no application to a sale perfected by delivery.

(Civil Code, Art. 2555—Editor's Note.)

Appeal from Civil District Court, Parish of Orleans, Division "D", Hon. Porter Parker, Judge.

This is a suit on an open account. Judgment for plaintiff. Defendant appealed.

Judgment affirmed and amended.

Sol. Weiss, J. B. Cocke, attorneys for plaintiff and appellee.

J. D. Dressner, attorney for defendant and appellant.

WESTERFIELD, J. This is a suit on an open account. The plaintiff, a wholesale, and the defendant, a retail dealer in women's clothing, sold and bought respectively, a number of women's dresses. Several days after the sale and after delivery of the dresses to the defendant's place of business, defendant called at plaintiff's store with the dresses and endeavored to have plaintiff take them back. This the plaintiff refused to do, whereupon defendant asked permission to leave the clothing in plaintiff's store a short while as a convenience, while on an errand in the neighborhood. The dresses were left with plaintiff in this manner and are still in his possession, notwithstanding numerous letters insisting upon defendant calling for them and warning defendant that they would be compelled to pay the price.

There is a faint hearted effort to prove that the dresses were not of the sizes bought, but the evidence is not at all convincing. The principal reliance of the de-

fendant is an insistence upon the necessity of plaintiff's selling the dresses before recovery can be had of defendant. In other words, defendant claims that admitting his default it was plaintiff's duty to minimize his damages by causing the dresses to be sold at once and thus fix his loss as the difference between the contract price and the sum received at the sale.

The principle invoked by defendant is well established. R. C. C. 2555 reads as follows:

"The purchaser, who neglects to obtain delivery of the thing sold, after having been put in default, is answerable to the vendor for the damage which he may sustain on that account, and for the reimbursement of the expense which may have been incurred for the preservation of the thing.

"Note. The vendor, on buyer's refusal to accept delivery, may sell at private sale, for market value, and recover from buyer the difference between the price so obtained and the contract price." 30 La Ann. 264, Barthy vs. N. O.

See also Cottam & Company vs. Moises, 149 La. 305.

But in the case before us, we are considering an executed contract of sale. There is here no question of failure to accept delivery. The goods were sold and delivered and the sale consummated.

In Farmer's Rice Company vs. Koerner, No. 8568 Orl. App., we said:

"A distinction must be drawn between a case where the sale is inchoate and the goods have not been delivered to the purchaser, and one where the sale has been consummated by delivery to the purchaser of the goods sold. In the latter case, the vendor has a right to sue for the price."

See also 76 So. 568 (Mississippi) and 91 N. W. 330 (S. Dakota).

"Where the performance by the seller is complete so as to pass title to the goods to the buyer the measure of damages is the contract price." Cyc. Vol. 35, p. 579.

It is insisted that ladies' dresses are perishable in the sense that they are subject to frequent changes of style and we are asked to take cognizance of that fact in the absence of proof in the record to that effect. We do not think it material whether the merchandise sold in this case is or may be regarded as perishable, for, as we see it, a vendor is under no obligation to accept return of perishable merchandise delivered to a purchaser or when such merchandise is returned by strategy, he is not obliged to resell it before he can recover the price.

The trial court gave judgment for plaintiff as prayed for without recognizing defendant's right to the dresses. This inadvertence must be corrected and accordingly, the judgment appealed from is amended by acknowledging defendant's ownership of the dresses in plaintiff's possession and in all other respects it is affirmed, plaintiff to pay cost of appeal and defendant all other costs.