## BROOKS v. STATE. (4 Div. 158.)

(Court of Appeals of Alabama. May 25, 1926. Rehearing Denied June 29, 1926.)

**I. Criminal law ⬅⟾565—Testimony held sufficient to enable jury to fix time of offense within one-year limitation from finding of indictment.**

Where indictment was returned in September, evidence that commission of an offense was one day before September grand jury of that year, and statement on cross-examination that witness thought it was in the spring, *held* suffi-

cient to enable jury to fix time of offense within limitation of one year from finding of indictment.

**2. Witnesses** ⊛═268(16)—Cross-examination of defendant's witness testifying as to material fact, "How come you to drive there?" held not erroneous.

Cross-examination of defendant's witness, in liquor prosecution, "How come you to drive there?" *held* not erroneous, under rule allowing broad latitude in examination as to motive, intention, opportunity, etc., of witness testifying to material facts.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Robert Brooks was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Brooks v. State, 109 So. 888.

A. A. Smith, of Hartford, for appellant.

It was incumbent upon the state to prove that the offense was committed within one year before the finding of the indictment; this proof was not made. Code 1923, § 4931; Giles v. State, 88 Ala. 230, 7 So. 271; Lyon v. State, 61 Ala. 224. The question asked by the solicitor on cross-examination of defendant's witness was immaterial, and its allowance constituted reversible error. Newman v. State, 20 Ala. App. 271, 101 So. 508; Troy Lumber & Construction Co. v. Boswell, 186 Ala. 409, 65 So. 141.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The venue and time of the offense were sufficiently proven. Thomas v. State, 15 Ala. App. 146, 72 So. 686; Snoddy v. State, 20 Ala. App. 168, 101 So. 303. Code 1923, § 4931. The rulings on admission of evidence were without error. Young v. State, 20 Ala. App. 269, 102 So. 366; Hannah v. State, 19 Ala. App. 574, 99 So. 60.

SAMFORD, J. [1] The principal insistence of defendant is that the state failed to offer proof that the crime was committed within 12 months before the finding of the indictment. The indictment was returned September, 1924. Mindham testified as to time that "it was on Sunday, and it was one day before the September grand jury last year." The witness was then testifying on the trial in April, 1925. On cross-examination the witness said he thought it was in the spring of the year. This was sufficient evidence from which the jury might fix the time within the statute of limitation of one year.

[2] It is further insisted that the court erred in permitting the solicitor to ask defendant's witness: "How come you to drive there?" This was cross-examination, and,

under the rule of allowing broad latitude in such examinations as to motive, intention, opportunity, etc., of witness testifying as to material facts, we think the action of the court was free from error. The case of Newman v. State, 20 Ala. App. 271, 101 So. 508, differs from the case at bar in that there the question was asked on direct examination.

There are no other questions of merit presented.

We find no error in the record, and the judgment is affirmed.

Affirmed.