(118 So. 325)

**ADAMS v. STATE. (7 Div. 442.)**

Court of Appeals of Alabama. June 12, 1928.

Rehearing Denied June 30, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. ■ The defendant and two others were found at a still in Cleburne county during the month of November, 1925. The state's witnesses testifying to the raid qualified as experts both as to knowledge of stills and as to beer from which whisky is made. From the evidence in this case there can be no doubt of two things: (1) The still was complete, and was suitable for manufacturing whisky; (2) the beer found in the still contained alcohol. The only question in serious dispute is as to whether defendant was present at the still and participating in its operation. Under the evidence we hold that this was a jury question.

■■ After a witness has qualified as to his knowledge of stills, and shown a familiarity with them, he can testify that a thing is a still, just as he would be permitted to say: "It was a wash pot or an axe or a fence." And, having qualified as to his knowledge of beer, he can testify that certain beer was fermented; that it was ready "to run"; that it contained alcohol.

■ The defendant, in company with his companions at the still, was seen about an hour before the still was raided, and about one mile away, going in the direction of where the still was found. One of the parties had a jug and cap, and this defendant had a "worm" on his shoulder. Shortly afterwards the parties were found at a still, a part of which was a cap and worm. There is but an inference to be drawn from these facts. They relate to the res gestæ, and were admissible.

■ The statements of the solicitor to which exceptions were reserved were legitimate conclusions from the evidence.

■ The testimony for the state warranted the statement by the court in its general charge:

"It is the contention of the state that there was a complete still found there, and that this was a suitable plant for the manufacture of whisky."

Each witness testifying for the state said it was a still, and stated facts authorizing the jury to find that it was suitable for the purpose of making whisky. We have examined the other exceptions, and in none of them is there prejudicial error.

There is no error in the record, and the judgment is affirmed.

Affirmed.