(129 So. 720)

## WILKERSON v. STATE.
### 4 Div. 529.

Court of Appeals of Alabama.

Feb. 18, 1930.

Rehearing Denied May 27, 1930.

Reversed on Mandate Aug. 19, 1930.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

We have examined this record with great care and, while the volume of testimony appears ominous, and it is replete with objections and exceptions, there is not a question raised that is new or novel and has not been decided adversely to appellant's contention.

The testimony for the state tends strongly to prove the defendant's guilt, exclusive of the testimony of parties who were themselves guilty and testifying for the state. In addition to this is the proven confession of defendant, who admittedly was present with the others at the time of the discovery of the still, and the liquor made on it was still warm.

The defendant comes now on the trial, admits he was at or near the still on Sunday afternoon, and undertakes to account for his presence by proving that he was digging fish bait. The jury had before them fairly the whole evidence and they evidently didn't believe the "fish bait story."

The remark of the solicitor to which exception was reserved is within the bounds of legitimate argument. We may add that it is now a matter of common knowledge, extending over this entire nation, that when an officer or officers go into the dens where "wildcat" whisky is made and lawless bootleggers congregate, the danger to both life and limb is ever present.

Insistence is made that the confession of defendant should have been excluded, be-cause in referring to the ownership the witness used the word "it" instead of saying still, and it is now claimed that "it" might have referred to the whisky found at the house and in possession of the "gang," one of whom was defendant. We think this is captious, but conceding that "it" could have referred either to the still or the whisky, the confession would still have been admissible. The whisky, according to the evidence, had every indication of having been recently manufactured on the still, the house, in which were defendant and others, was in such proximity to, and was so connected with the still as to make the whole a part of the res gestæ. Under the evidence in this case, the place where the still was located, the path and road leading from the still to the house where the defendant and his companions were found, the warm whisky, and everything said and done there immediately prior to and at the time of the arrest was a part of the res gestæ, and as such was admissible in evidence. Bruce v. State, 22 Ala. App. 440, 116 So. 511; Adams v. State, 22 Ala. App. 566, 118 So. 325.

The state solicitor in examining a defendant's witness on cross-examination said (inquisitorially), Mr. Blair is in the penitentiary, I suppose. This question was never answered and hence there is no exception.

It was shown by the evidence that, at the time of the arrest there was a demijohn containing whisky from which the parties, including this defendant, were drinking. This was prior to the arrest and the contents of the demijohn related to the possession of the still. All these facts were admissible.

Enoch Johnson, a witness for the state, testified to having found the still. The defendant's counsel on cross-examination asked: How did you find your way to it? The state objected to this, the objection was sustained and the defendant excepted. This was error. Brooks v. State, 21 Ala. App. 479, 109 So. 887. But the error was of such a nature as not to justify a reversal.

We find no prejudicial error in the record and the judgment is affirmed.

Affirmed.

### On Rehearing.

In view of the earnest insistences in appellant's brief filed on application for rehearing, we deem it right to extend the original opinion in the following particulars: The house in which defendant and another were camping or temporarily living was not the residence of either of the defendants indicted on this charge; this defendant and his codefendants were found in the house in possession of a ten-gallon keg and a five-gallon demijohn, both containing rum; they were all drinking rum from the demijohn; there were

two 100-pound sacks of sugar in the house; the men had mud on their shoes, and this defendant had still slop on his clothes; the still was located on a branch about one-fourth or one-fourth and one-half miles from the house; there was a road or path leading from the house to the still with fresh human tracks going from the still to the house; there was black mud around the still and black mud in the tracks leading to the house and black mud on the shoes of those in the house; there was a 100-pound empty sugar sack at the still and two 100-pound sacks of sugar in the house, all the sacks being alike; the still had been recently used for distilling and was still warm and the coals under it fresh. Aside from the testimony of one of the defendants, and the proven confession of this defendant, there was ample evidence tending to prove that the house, still, and connecting road or path were all used in conjunction with the manufacture of the whisky. The house being used to house the operators, store the surplus sugar and the manufactured rum, the road being used to transport to and from, and the still to manufacture, were all a part of the locus in quo.

It is insisted that in the confession of defendant as testified to by the witness Gressett, that defendant merely said: "It belonged to him and Mose Harrison." It is contended that this "It" referred to the whisky, and not to the still. The witness was talking about both, and perhaps in this instance it might be a jury question as to which was meant. Whether he meant the whisky or the still, the evidence was admissible as tending under the circumstances to connect defendant with the manufacture. But as to this we are not left in doubt, as two other witnesses, closely following, testified that the confession was as to the still.

Appellant complains that the opinion is not accurate as to the testimony of the witness Jones. Jones was a witness for defendant. On recross-examination there appears this statement: "Mr. Blair is in the penitentiary I suppose." No objection—no exception. Defendant then asked: "He is in the penitentiary about a killing case, isn't he?" The court sustained the state's objection to this question. The question called for evidence irrelevant to the issue being tried.

We may further add that we have again carefully read the entire record in this case and conclude that, if there are minor errors in the rulings of the court, such rulings would not probably have affected the finding of the jury.

The application is overruled.

PER CURIAM.

Reversed and remanded on authority of Wilkerson v. State, 221 Ala. 453, 129 So. 722.