167 So. 252

### GULLEDGE v. STATE.

### 4 Div. 815.

Supreme Court of Alabama.

Feb. 20, 1936.

Rehearing Denied April 23, 1936.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Sollie & Sollie, of Ozark, for appellant.

BROWN, Justice.

The appellant was indicted for the murder of Carter Smith, the indictment charging murder in the first degree. On arraignment he pleaded "not guilty" and "not guilty by reason of insanity." The trial resulted in his conviction of murder in the second degree and a sentence for a term of twenty-five years in the penitentiary.

The evidence offered by the state goes to show that on Sunday evening, May 27, 1934, the deceased, Carter Smith, 75 years of age, had gone to the home of his daughter, procured a jar of milk, and was returning to his home along the public highway, where he was met by the defendant, Fred Gulledge, George Bryan, and two or three other young men traveling in a "cut-down" Ford owned and being driven by Bryan; that the defendant accosted Smith thus: "Where in the hell are you going with that jar of milk?" An altercation ensued, the defendant procured a stick, described in the evidence as a "peanut slat," or pole, from three to four feet in length and "as big as a man's arm," and struck Smith across his shoulder, knocked him down on the road in front of the automobile, and Bryan moved the automobile forward, over and against the deceased, and then backed it back over him. They then moved the deceased off the road and placed him behind a sawdust pile, leaving him as dead. The evidence is conflicting as to the time of the occurrence. One phase tends to show that it was about dark or a little after; another that it was around 10 or 11 o'clock; that deceased had a fishing pole; and that fishing was done in the stream nearby. Some time during the night the deceased regained consciousness and

crawled or walked into a field near the house of Alto Heath, where he was discovered by Heath next morning between daylight and sunup. Heath and others then removed deceased to his (deceased's) home, where he lingered until about the 5th of December, 1934.

The evidence shows that the blow on the deceased's shoulder broke his collarbone, bruised the subclavian artery, causing an aneurysm, which burst and caused deceased's death on December 5, 1934.

The defendant adduced evidence tending to prove an alibi, and also evidence of his general good character.

■ It was permissible for the witness Heath to testify that he heard Smith "hollering" down in the field, the morning after the difficulty; that "we got up and went out in the yard and begun listening and looking to see which way it was," and when "we heard him holler again * * * we could see him when he rose up, from the yard where we were. * * * He just got up off the ground and on his feet and hollered again. * * * We went to him. He had a big bruise on his shoulder or neck * * * and he was down when we got to him. * * * I didn't go back any further than where we picked him up; we just saw his tracks leading up to where we found him." All these facts were of the res gestæ of the fact of the discovery of Smith in the field. In Newman et al. v. State, 20 Ala. App. 271, 272, 101 So. 508, cited by appellant, the court held: "What the witness Lasseter did, and what he saw, were matters of proper inquiry."

■ The testimony of the witness Heath as to the declaration made by the deceased in respect to how he was injured, when Heath first got to him (Record, p. 34), was excluded from the evidence by the court on motion of the defendant. The subsequent statements by the deceased to this witness were allowed in evidence after the witness had testified that at the time they were made deceased stated "that he knew he was going to die." This predicate was sufficient to warrant the admission in evidence of the declaration of the deceased as a dying declaration. Lewis v. State, 231 Ala. 211, 164 So. 92; Parker v. State, 165 Ala. 1, 51 So. 260; Gilmer v. State, 181 Ala. 23, 61 So. 377.

■ It was also permissible for the witness, after he had testified as to deceased's condition, the nature of the wounds visible to ordinary observation—objective symptoms—and witness' attendance upon him from time to time, to state as a collective fact that deceased was "suffering from the wounds he received" when he subscribed to the written declaration as to the cause of his injuries and who inflicted them. Evans v. State, 120 Ala. 269, 25 So. 175; Underhill Cr.Ev. (4th Ed.) 849, § 616; Mayberry v. State, 107 Ala. 64, 18 So. 219.

■ The court did not err in sustaining the state's objection to the question, "Hartford and Wilkerson were sort of running together as booze men, I mean as selling booze, at that time, weren't they?" put to the state's witness G. C. Arnold on cross-examination. The question referred to Hartford Williams, who was not a witness in the case, though it appeared from the state's evidence he was present at the time of the difficulty between defendant and the deceased, but did not participate therein. The facts elicited were not material, and the matter of permitting the question or not was addressed to the court's sound discretion. Cox v. State, 162 Ala. 66, 50 So. 398.

The question to the witness Roy Wilkerson, "And along at the time this occurred you and·he were together a whole lot, weren't you?" is in the same category.

■ The objection interposed by the defendant to the question put by the solicitor to Dr. Reynolds, "Doctor, I'll ask you if in your opinion a man the age of Mr. Smith is struck with a slat or piece of wood, a big pole of wood, across the right shoulder, if that lick from the piece of wood is sufficient to break his collarbone?" was the general objection that it called for illegal, irrelevant, and incompetent evidence, and the specific objection that the witness is not shown to be sufficiently qualified. These objections were not well taken, and by making these all others were waived. Alabama Great Southern Railroad Co. v. Bailey, 112 Ala. 167, 20 So. 313; Birmingham Fuel Co. v. Stocks, 14 Ala.App. 136, 68 So. 568.

■ Charge 14, refused to the defendant, possessed misleading tendencies.

■ Charge 19 is involved and argumentative.

■ Charges 21 and 25 are argumentative.

■ Charge 26, refused to defendant, is not a correct statement of the law. Smith v. State, 230 Ala. 413, 161 So. 538; Malachi v. State, 89 Ala. 134, 8 So. 104; Code 1923, § 5635.

The only statement by the deceased that could be construed as contradictory of his dying declaration was excluded by the court on motion of the defendant; therefore, charge 27, refused to defendant, was abstract.

This disposes of all questions argued, and after a careful examination of the record we find no errors therein.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.