195 So. 762

**HAWKINS v. STATE.**

**5 Div. 92.**

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 12, 1940.

Jacob A. Walker, of Opelika, and Wilbanks & Wilbanks and Robt. S. Milner, all of Dadeville, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant was convicted under an indictment charging an assault with intent to murder upon one Welch. The defendant and his brother, with whom he was jointly indicted, operated a dance hall and lunch stand where the altercation occurred. The judgment entry discloses that the defendant demanded a separate trial, that a severance was granted by the court, duly entered of record, and trial of defendant alone proceeded.

The evidence of the State, and the witnesses were several, was to the effect that, without provocation, the defendant assaulted Welch with a stick, striking him about the face and head several times, knocking him to the floor, as a result of which he suffered concussion, a fractured skull, and remained unconscious for about two weeks. From the evidence of the State's witnesses it was made to appear that the assault was thoroughly unjustified, warranting the verdict of guilty returned by the jury. The evidence for the defendant, however, tended to show that the assaulted person had previously made threats against defendant and his brother and that Welch, himself, provoked the assault, the defendant striking him in self defense.

The defendant moved for a new trial, alleging several grounds among which were that the verdict of the jury was contrary to the evidence, alleged error of the court in overruling motion of defendant for a continuance, errors of the court in certain rulings on the evidence, alleged misconduct and prejudicial remarks of the solicitor, alleged fixed opinion of two jurors who were in the panel which tried the case, and al-

leged prejudicial error in that a State's witness acted as special bailiff in charge of the jury.

██ Before entering upon the trial the defendant moved for a continuance of the cause on account of the absence of certain of his witnesses. Although proof was made by the defendant of the absence of these witnesses, no legal showing was made to the court or submitted to the solicitor as to what the testimony of such witnesses would be if present, as a predicate for continuance of the cause. In the absence of such showing it cannot be affirmed, as a matter of law, that the court committed prejudicial error. D. S. Pate Lumber Co. v. Davis, 215 Ala. 547, 112 So. 124; Ragland v. State, 187 Ala. 5, 65 So. 776. The principle is well recognized that such motions are addressed to the sound discretion of the trial court. Knowles v. Blue, 209 Ala. 27, 95 So. 481. There were other eye witnesses for the defendant who testified at the trial. The indictment in the case was returned and filed in court March 10, 1939, and the trial commenced March 21st thereafter and it does not appear that the trial court committed any abuse of this discretion.

██ The defendant sought to elicit from certain witnesses that he and his co-defendant brother had asked a deputy sheriff for police protection for this place of business on the night of the as ;lult, after having heard of certain threats Welch was said to have made. This character of evidence was plainly self serving and illegal. It is true, as ably argued by learned counsel for appellant, that defendant is entitled to introduce any competent, relevant evidence to show the absence of criminal intent. 5 Corpus Juris 786. Nevertheless, this rule cannot be extended so as to comprehend such hearsay evidence so palpably self serving. Bowling v. State, 18 Ala.App. 231, 90 So. 33.

██ In the course of his direct examination the defendant testified: "When he (Welch) saw me coming up from this end of the counter, he turned his face to me and grabbed a coca cola bottle off the box—".

The court, upon motion of the State, excluded the statement "When he saw" and the defendant reserved exception. Although the question, if any, which elicited this answer is not given, this statement of the witness is obviously an illegal conclusion and invasive of the province of the jury.

Furthermore, a careful reading of the defendant's testimony will reveal that he was permitted to fully detail the entire transaction and had there been error in the exclusion of the statement it was harmless.

██ The particulars of a previous difficulty, occurring several days before the occasion of the assault, and the fact of the intoxication of the assaulted party at the time of this former difficulty were, likewise, under the facts of this case, not material. Killen v. State, 16 Ala.App. 31, 75 So. 176; certiorari denied, 200 Ala. 474, 76 So. 568. It was also hearsay and immaterial that at or about the time of this previous difficulty someone, other than the assaulted party, stated "We're going to clean this hole out." Other similar statements were likewise hearsay and immaterial.

██ The State was permitted to introduce in evidence, over the objection of the defendant, the stick said to have been used at the time of the assault. The stick was picked up by one of the officers at the place of and soon after the difficulty and identified by a witness as the instrument with which defendant struck Welch. The objection, therefore, of the defendant that the stick had not been properly identified was not well taken.

██ The several insistences of appellant that certain remarks of the solicitor, prior to and in the course of the trial, constituted prejudicial error are without merit. In each instance, either no objection, motion or exception was made by appellant or making them they were sustained by the court. There is therefore nothing subject to be reviewed. It cannot be said, as a matter of law, that the remarks or conduct of the solicitor in this case were such as to constitute reversible error. There is no legal standard by which the prejudicial qualities of improper remarks in the trial of a case can be gauged. Each case must be decided on its own merits and here we think the court acted correctly in overruling the defendant's motion for a new trial. Peterson v. State, 227 Ala. 361, 150 So. 156.

██ It is also insisted by the appellant that a new trial should have been granted because of certain opinions about the case, said by witnesses for defendant, upon the hearing of the motion for new trial, to have been previously expressed by two of the jurors who later sat in the case. The two jurors however, who by the record appear to, at least, be equally as credible as

the witnesses of the defendant denied having made any such statements. Under the law and our practice the decision in such matters properly is vested in the trial court, who knows the witnesses, heard them testify and upon this disputed testimony decided the issue. This decision of the court will not here be disturbed. Furthermore the record discloses that the jury was properly qualified by the court before being impanelled, and a juror, though having previously expressed opinion of defendant's guilt, is not disqualified if he states unqualifiedly that, as a juror, he could find a true verdict on the evidence alone. Peterson v. State, 227 Ala. 361, 150 So. 156, certiorari denied, 1934, Peterson v. State of Alabama, 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053; Ala.Code 1923, § 8610, Subd. 7.

A deputy sheriff, who was a witness for the State, but not a witness to the assault, was allowed to act as special bailiff to control the jury. Even though it might be said that this could have or might have emphasized his testimony, it does not appear that he was a sufficiently interested witness or that his evidence was of sufficient importance to the State or against the defendant to have been prejudicial to defendant. The sheriff or his deputies are not always disqualified from having charge of the jury even though they may have testified to important facts. Harris v. State, 233 Ala. 196, 172 So. 347. Want of prejudicial error is apparent in this regard and the ruling of the trial court on this point was proper.

From a careful reading of the record it is our conclusion that the verdict of the jury was not contrary to the evidence, that the defendant had a fair trial and the judgment of the lower court should be affirmed.

Affirmed.