241 So.2d 855

**William Eldridge STONE**

v.

**STATE.**

**2 Div. I.**

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Burke & Burke, Greensboro, Hubbard & Waldrop and James J. Jenkins, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

ALMON, Judge.

William Eldridge Stone was convicted of manslaughter in the first degree in the Circuit of Perry County and sentenced to five years in the penitentiary.

The State's evidence tended to show that appellant lost control of his automobile while operating it at excessive speeds on a public highway. After veering off the highway and traveling some 381 feet on the righthand shoulder, his car swerved back across the highway, and across the center line, into the path of on-coming traffic. This resulted in a virtual head-on collision with an automobile driven by Regie Bearden and also occupied by his wife, Bettie, a passenger. Both of the Beardens were killed. No evidence was offered by the appellant.

Appellant insists that he was denied a trial by an impartial jury in violation of Article 1, § 6, of the Alabama Constitution because Mrs. Doris Avery, a juror, who ultimately sat on the case, failed to answer a

question on voir dire examination. The record shows that this prospective juror remained silent when the court asked the question, " * * * has this case been discussed in your presence?" Appellant contends that this deprived him of his right to advisedly exercise one of his peremptory strikes, and, hence, have an impartial jury.

At the hearing on the motion for a new trial, the defense produced Mrs. Frances Swan Taylor who is a relative of appellant. Mrs. Taylor's husband is also related to appellant. Mrs. Taylor testified that she saw Mrs. Avery at the Perry County Hospital the day before the trial and had a short conversation with her. Here is the material part of Mrs. Taylor's testimony dealing with that conversation:

"Q. Now, would you just state to the Court the substance of that conversation?

"A. Well, we were talking about who was on the jury, and I mentioned that my son was on the jury but that he would not serve on this particular case because he was kin to the boy and he would have to say that he was prejudiced, and Mrs. Avery said: 'I'm prejudiced too.' She didn't say which way, and that's all that was said.

"Q. Well, in the course of this conversation did she say anything about having been acquainted with the decedent, Bettie Bearden?

"A. Yes; she said she had worked with her side by side for five years."

Mrs. Avery was then called by the State and testified in substance that she did see Mrs. Taylor at the hospital shortly before the trial and that she recalled having a short conversation with her. She testified, however, that the case was not discussed and that she did not say that she was prejudiced against the appellant. Mrs. Avery further testified that she and Bettie Bearden, the deceased, had worked at Bi-Flex in Marion for five years and that they had worked in the same office for three years. She said

that she thought of Mrs. Bearden as a "high type person" but that they "didn't have that much in common" and that she "never had any dealings with Bettie outside the office."

Mrs. Avery also stated that during the jury deliberations she had argued against the maximum sentence and that once when the defendant's past record was mentioned, she reminded them that this was not brought out in the trial and could not be considered.

■ A defendant is entitled to a true answer from prospective jurors on examination of the venire and concealment of facts by silence by such a prospective juror denies the parties their right to advisedly exercise peremptory strikes. Leach v. State, 31 Ala.App. 390, 18 So.2d 285, cert. denied 245 Ala. 539, 18 So.2d 289.

It should be noted, however, that according to Mrs. Avery's version of the conversation with Mrs. Taylor the case was not discussed and thus she concealed nothing.

■ The case of Hawkins v. State, 29 Ala.App. 221, 195 So. 762, cert. denied 239 Ala. 532, 195 So. 765, involved a situation analogous to the present case. Judge Simpson, then speaking for this court said:

"It is also insisted by the appellant that a new trial should have been granted because of certain opinions about the case, said by witnesses for defendant, upon the hearing of the motion for new trial, to have been previously expressed by two of the jurors who later sat in the case. The two jurors however, who by the record appear to, at least, be equally as credible as the witnesses of the defendant denied having made any such statements. Under the law and our practice the decision in such matters properly is vested in the trial court, who knows the witnesses, heard them testify and upon this disputed testimony decided the issue. This decision of the court will not here be disturbed. Furthermore the record

discloses that the jury was properly qualified by the court before being impanelled, and a juror, though having previously expressed opinion of defendant's guilt, is not disqualified if he states unqualifiedly that, as a juror, he could find a true verdict on the evidence alone. Peterson v. State, 227 Ala. 361, 150 So. 156, certiorari denied, 1934, Peterson v. State of Alabama, 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053; Ala.Code 1923, § 8610, Subd. 7."

We feel the holding in *Hawkins* is particularly appropriate here because Mrs. Avery's testimony was at least as credible as that of Mrs. Taylor, who is a relative of the appellant.

We have reviewed the record and conclude that the judgment appealed from should be and the same is hereby

Affirmed.